[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 46 
This is an appeal from a judgment entered on a jury verdict in a retaliatory discharge case.
Marie Lambert was employed by Beverly Enterprises in the laundry room of Rolling Acres Nursing Home when she fell down some stairs and injured her back. Lambert sued Beverly Enterprises for workers' compensation benefits she claimed were owed to her as a result of her injury. Lambert amended her complaint to include an additional claim that Beverly Enterprises had wrongfully terminated her employment in retaliation for exercising the rights provided to her by the workers' compensation law of Alabama in violation of §25-5-11.1, Ala. Code 1975. Lambert's retaliatory discharge claim was severed from her worker's compensation claim by the trial court. In her workers' compensation action, the trial court determined that Lambert had sustained a permanent partial impairment and a 50% reduction in her ability to earn. This determination was recently affirmed by this court without opinion. Beverly Enterprises, Inc. v. Marie Lambert, [No. 2950906, October 18, 1996] ___ So.2d ___ (Ala.Civ.App. 1996).
In the separate trial on Lambert's retaliatory discharge claim, the jury returned a verdict for Beverly Enterprises, and the trial court entered a judgment in accordance with that verdict. Lambert filed a motion for a new trial, which was denied by the trial court. Lambert appealed to the Alabama Supreme Court, which deflected this case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Initially, we note that jury verdicts are presumed correct and that this presumption is strengthened on a trial court's denial of a motion for new trial. Smith v. Blankenship,440 So.2d 1063 (Ala. 1983). Indeed, a trial court's ruling on a motion for new trial should not be disturbed on appeal unless some legal right has been abused and unless the record plainly and palpably shows the trial court to be in error. Jones v.Baltazar, 658 So.2d 420, 421 (Ala. 1995). In reviewing a judgment entered on a jury verdict, this court must review the testimony in a light most favorable to the appellee.Continental Casualty Ins. Co. v. McDonald, 567 So.2d 1208
(Ala. 1990).
At the trial, Lambert testified that after she was injured, she attempted to return to work several times. She also testified that each attempt resulted in her returning home because she found herself unable to perform the physical requirements of her job. Michael Sutton, her supervisor, testified that Lambert told him that she would have to quit her job because of her inability to perform. He testified that he suggested that she could take a medical leave of absence instead of quitting and that if she was still unable to work when the 30-day leave expired then she could return to sign a request for another medical leave. Sutton testified that when he did not receive any notification from Lambert after 30 days, he sent her a letter stating that if she did not apprise him of her intentions regarding her employment, then she would be terminated. Sutton further testified that Lambert failed to contact him, and so she was terminated. Lambert testified that she was still unable to perform her job at the time of her termination.
Lambert first argues that the trial court committed reversible error in charging the jury that to prove her retaliatory discharge claim, she had to show that she was willing and able to perform the necessary and essential functions of her job. Beverly Enterprises contends that this charge was proper under the authority of Consolidated Stores,Inc. v. Gargis, 686 So.2d 268 (Ala.Civ.App. 1996), cert.denied 686 So.2d 278 (Ala. 1996). In Consolidated Stores, this court held that "an essential element of a retaliatory discharge claim is the plaintiff's willingness and ability to return to work." *Page 47 
686 So.2d at 273.[1] We also held that proof of this element is required in a claim of constructive discharge. Id.
Lambert requests that this court modify its decision inConsolidated Stores by altering the requirement that plaintiffs must prove they are able to return to work in order to establish a claim of retaliatory discharge or wrongful termination. She suggests that we instead require plaintiffs to prove that they are able to return to work with a reasonable accommodation. This we decline to do.
We assume that Lambert borrowed the terminology "reasonable accommodation" from the Americans with Disabilities Act.See 42 U.S.C.A. § 12101 et seq.; 42 U.S.C.A. § 12111 (defining "reasonable accommodation"). This court is well aware that the facts found in many workers' compensation retaliatory discharge cases also lend themselves to claims under the ADA. While workers' compensation law often overlaps with the ADA, these two bodies of law have not merged; they are separate and distinct grounds for relief. Lambert's suggested reasonable accommodation was for Beverly Enterprises to provide an employee to help her perform her job. It is not for this court to decide whether the failure of Beverly Enterprises to provide this help violated the ADA. If Lambert believed that the ADA was violated, then she should have filed a claim in accordance with its provisions. Under workers' compensation law, Beverly Enterprises was not required to provide her with this additional help. We will not expand Alabama workers' compensation law to include provisions of the ADA in order to invalidate the jury charge at issue. Lambert had to show her ability to work in order to prevail on her claim of retaliatory discharge. Therefore, the jury charge was proper.
Lambert also argues that the trial court committed reversible error by refusing to admit an exhibit containing statistical evidence on the ground that it was not relevant. We will not reverse a trial court's ruling on relevancy absent a showing of plain error or abuse of discretion. Ryan v. Acuff,435 So.2d 1244 (Ala. 1983); Harper v. Baptist Medical Center-Princeton,341 So.2d 133 (Ala. 1976). The proposed exhibit consisted of a two-paged list of Beverly Enterprise employees who had filed workers' compensation claims. The list indicated whether these employees were still employed by Beverly Enterprises. The list did not indicate whether the former employees had been terminated or had voluntarily resigned. It contained no evidence showing that any employee had been terminated because of a workers' compensation claim. Yet, Lambert offered this statistical information to show that Beverly Enterprises had a pattern and practice of terminating employees because of their workers' compensation claims.
Although pattern and practice evidence can be admissible in retaliatory discharge cases, see Continental Eagle Corp. v.Mokrzycki, 611 So.2d 313 (Ala. 1992), Lambert's exhibit was properly excluded because it did not tend to show that Beverly Enterprises had a pattern and practice of firing employees because of their workers' compensation claims or that Lambert was terminated because of her claim. For these reasons, it was irrelevant and was properly excluded. See Rules 401 and 402, Ala.R.Evid.
Finally, Lambert argues that, in accordance with the completeness doctrine, the trial court should have allowed her to present evidence that Beverly Enterprises had appealed the judgment entered in her workers' compensation case. The completeness doctrine is now embodied in Rule 106, Ala.R.Evid., which provides as follows:
 "When a party introduces part of either a writing or recorded statement, an adverse party may require the introduction at that time of any other part of the writing *Page 48 
or statement that ought in fairness to be considered contemporaneously with it."
Lambert introduced into evidence a certified copy of the judgment entered in her workers' compensation case. After the copy of the judgment had been admitted, Lambert tried to enter into evidence a certified copy of the notice of appeal of the workers' compensation judgment that had been filed by Beverly Enterprises. Lambert argues that the notice of appeal should have been admitted in accordance with the completeness doctrine.
The trial court properly refused to admit the notice of appeal under the completeness doctrine for two reasons. First, Rule 106 clearly applies only when a party has introduced part of a writing or recording and the adverse party seeks to introduce any other part of the writing or recording. Lambert introduced the judgment and she sought to introduce the notice of appeal also. The completeness doctrine, which is based on the notion of fairness between parties, does not apply when the same party is attempting to introduce all the evidence at issue. See generally, C. Gamble, McElroy's Alabama Evidence § 14.03 (5th ed. 1996); Baker v. State, 599 So.2d 60
(Ala.Crim.App. 1991).
In addition, the completeness doctrine does not apply here because Lambert was seeking to introduce a separate, additional writing. Unlike its federal counterpart, Alabama's rule doesnot expand the completeness doctrine to "include the admission of any additional writing or recorded statement that ought in fairness to be considered contemporaneously with an already admitted writing or recorded statement." Advisory Committee's Notes, Rule 106, Ala.R.Evid. Therefore, the trial court properly refused to admit the notice of appeal under the completeness doctrine.
We also note that Lambert was not prejudiced by not having the notice of appeal admitted, as we assume the purpose for its admission was to show that the workers' compensation judgment could be reversed, and we have previously affirmed it on appeal.
Based on the foregoing reasons, we conclude that the trial court properly denied Lambert's motion for a new trial.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
[1] Beverly Enterprises also notes that in Consolidated Stores one judge wrote that "to prevail on a retaliatory discharge claim, an employee must show that he is willing and able to perform the job from which he was discharged." 686 So.2d at 277. However, this was written by Judge Monroe in his special concurrence, and not by Judge Robertson in his dissent, as Beverly Enterprises states.