This case is a retaliatory discharge claim, brought pursuant to Ala. Code 1975, § 25-45-11.1.
Kathryn Alexander (employee) began working as an EDM machine operator for Pace Industries, Inc. (employer), in June 1977. In approximately September 1993, when the employee began to experience pain and discomfort in both wrists, she sought medical treatment. The doctors determined that the problems in the employee's wrists were due to the repetitive and continuous nature of the duties of her job with the employer.
The last day that the employee worked for the employer was December 21, 1993. The employee underwent surgery in January 1994. It is undisputed that the employee has been unable to return to work and has not been gainfully employed since December 21, 1993.
In June 1994 the employee filed a complaint, seeking workers' compensation benefits.
Several things occurred in October 1994: (1) The employee applied for Social Security disability benefits, as well as long-term disability benefits from a group disability plan maintained through the employer. We would note that in November 1994, the employee began receiving these long-term disability benefits. This was the first income the employee had received since December 21, 1993. (2) The employee met with the employer and advised the employer that her doctor had "pretty much" told her that she would not be able to return to work. (3) At this meeting with the employer, the employer told the employee that she would need to repay the employer the $1,578.40 that it had paid for group health insurance premiums for January through October 1994. The employer and the employee worked out a repayment *Page 451 
schedule. (4) The employee could not afford to maintain her group health insurance through COBRA. To enable her to get coverage through her husband's employer, she requested that the employer provide her with a letter indicating that she no longer had group health coverage. The employer provided her with such a letter, dated October 28, 1994.
In August 1995 the trial court issued an order, determining that the employee's injury to her wrists arose out of and in the course of her employment with the employer and that the date of the onset of the injury was December 21, 1993. The trial court specifically found "[t]hat [the employee] cannot return to her prior work and that from her prior work, she acquired no transferable skills to the sedentary exertional level." The trial court determined that the employee had sustained a permanent partial disability and a loss of earning capacity of 81% and awarded workers' compensation benefits accordingly.
In October 1995 an administrative law judge determined that the employee had been disabled since December 21, 1993, and awarded Social Security disability benefits accordingly.
In December 1995 the employee filed a complaint against the employer, alleging that her termination was a retaliatory discharge, pursuant to Ala. Code 1975, § 25-5-11.1, which states the following, in pertinent part:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter."
The employer filed an answer and also filed a summary judgment motion, along with documentation in support of its motion. The employee filed a response in opposition to the summary judgment motion.
After a hearing the trial court issued an order, entering a summary judgment in the employer's favor. The trial court's order stated that it was entering a summary judgment in the employer's favor "because the [employee] clearly was unable to work and is estopped and barred from proving that she is able to work."
The employee filed a motion to amend, alter, or vacate the summary judgment, which was denied.
The employee appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
On appeal the employee contends that the trial court committed reversible error when it entered a summary judgment in the employer's favor.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher,636 So.2d 682 (Ala.Civ.App. 1994).
The employee argues the following in her brief:
 "The [employee] does not take, and has not taken, the position that she is willing and able to return to work. She admits that she has not been able to return to work since the date of her injury (December 21, 1993)."
 "However, [the employee] is not claiming lost wages as an element of damages in her claim. She is claiming damages for the mental anguish she was caused to suffer when in October of 1994 she was told that she was required to pay back to the [employer] $1,578.40 in 'COBRA' premiums which the [employer] has paid on her behalf and without her knowledge from January 1, 1994, to October 31, 1994. (C. 168); (C. 66-67; 120-122). She is also making a claim for punitive damages as a result of the conduct of the [employer] in this case."
In Consolidated Stores, Inc. v. Gargis, 686 So.2d 268, 273-74
(Ala.Civ.App.), cert. denied, 686 So.2d 278 (Ala. 1996), this court stated the following, in pertinent part: "Based on the above-referenced cases, we conclude that an essential element of a retaliatory discharge *Page 452 
claim is the plaintiff's willingness and ability to return to work. This principle applies in constructive discharge claims, too."
The employee argues that the "willing and able to return to work" element of a retaliatory discharge claim should not apply in this case because, she says, the termination occurred during that period of time when she was temporarily totally disabled, still undergoing medical treatment, and was not at maximum medical improvement.
In Lambert v. Beverly Enterprises, Inc., 695 So.2d 44, 47
(Ala.Civ.App.), cert. denied (Ala. 1997), this court stated the following, in pertinent part:
 "Lambert requests that this court modify its decision in Consolidated Stores [, 686 So.2d 268,] by altering the requirement that plaintiffs must prove they are able to return to work in order to establish a claim of retaliatory discharge or wrongful termination. She suggests that we instead require plaintiffs to prove that they are able to return to work with a reasonable accommodation. This we decline to do."
This court further stated, "Lambert had to show her ability to work in order to prevail on her claim of retaliatory discharge." Lambert, 695 So.2d at 47.
As previously noted, it is undisputed that the employee has been unable to return to work and has not been gainfully employed since December 21, 1993.
In light of the foregoing, the trial court correctly entered a summary judgment in favor of the employer "because the [employee] clearly was unable to work and is estopped and barred from proving that she is able to work." Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
AFFIRMED.
All the judges concur.