[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1284 
On August 30, 1994, Ainslie Morell sued Tennessee Valley Press, Inc., seeking workers' compensation benefits she claimed she was owed for injuries she allegedly incurred as a result of an on-the-job accident. The trial court held a proceeding on May 27, 1997, at which ore tenus evidence was taken. Thereafter, it entered an order denying Morell's claim for workers' compensation benefits. Morell appeals.
In its order the trial court included the following findings of fact:
 "1. On or about February 23, 1994, the plaintiff was employed by the defendant and all parties were subject to . . . the Workers' Compensation Act of Alabama on that date.
 "2. On or about February 23, 1994, the plaintiff injured her back while at work.
 "3. The defendant received timely notice of this injury.
 "4. The plaintiff is a 44-year-old female who, on February 23, 1994, was working for Tennessee Valley Press when she coughed simultaneous with lifting the lid on a plate burner (which is analogous to lifting the lid on a copying machine), when she felt a severe pain in her lower back. The pain the plaintiff felt was severe enough to require the plaintiff to ask to leave work, which after notifying her employer, she did. She notified James C. Johnson, the Chief Executive Officer of Tennessee Valley Press, Incorporated, and Mr. Johnson made arrangements for the plaintiff to see Dr. Ben Moore, who treated the plaintiff by giving her muscle relaxants, pain medications, and cough medicine. [Morell was also suffering from a cold.] The plaintiff reported to Dr. Moore that the problem was in her back around her waist and did not report any problems with her buttocks or left leg. After being off work from Wednesday until the following Monday, the plaintiff felt ready to go back to work and did, in fact, go back to work the following Monday, February 28, 1994.
 "5. Following her return to work, the plaintiff worked a lot of overtime and had no problem lifting, moving boxes, or climbing steep stairs every day. In addition, the plaintiff and her husband and other friends bowled on at least three different occasions. The plaintiff testified she had no problem with pain while bowling.
 "6. On the morning after her third bowling trip in late March 1994 or early April 1994, the plaintiff noticed a small, but persistent, pain in her buttocks and leg that was constant. The plaintiff testified that the pain she felt in February was excruciating, but the pain after the final bowling trip was more like a mild headache. After the pain became more frequent, it moved down her left leg and in two or three weeks after the onset of the pain, the plaintiff went to see Dr. David Khoo, M.D., on April 29, 1994. Tennessee Valley Press had no knowledge of her treatment by Dr. Khoo.
 "7. The plaintiff testified she told Dr. Khoo that she had pain in her left hip two or three weeks before she came to see him and she had decided she had bursitis and hoped to get a shot of cortisone. The only thing she could relate that caused the injury was the bowling because the pain had started the day after she had been bowling. Dr. Khoo prescribed pain medication and muscle relaxants.
 "After a second visit to Dr. Khoo on May 13, 1994, the plaintiff told Mr. Johnson, Chief Executive Officer of Tennessee Valley Press, on May 15 or 16, 1994, that the pain she was then experiencing was due to the work-related injury that had occurred in February 1994. After Dr. Khoo's evaluation confirmed that the plaintiff had suffered a ruptured disk, she went back to work on May 24, 1994, and told Mr. Johnson that she had been suffering from pain and was on pain medications and that the stairs at work aggravated her problem and that she needed to go home, which she did about noon on May 24, 1994, never to *Page 1285 
return to work again at Tennessee Valley Press.[1]
 "8. The lid on the machine which the plaintiff lifted on February 23, 1994, is a glass lid with a metal frame and weighs approximately fifty pounds. Attached to the lid are hinges which slowly raise the lid by itself once a slight lifting force is applied to the lid. Because of the way the hinges assist the lifting of the lid, testimony was undisputed that the raising of this lid was no more difficult than raising the lid on a copy machine."
The workers' compensation insurance carrier for Tennessee Valley Press denied Morell's claim for workers' compensation benefits in June 1994, and in September 1994, Dr. John W. Bacon, an orthopedic surgeon, performed lumbar disc surgery on Morell. After finding that she had reached maximum medical improvement, he determined that she suffered a 5% disability to the body as a whole.
Dr. Bacon testified by deposition that Morell's February 23, 1994, injury was consistent with a ruptured disc. He explained that often when the covering of a disc tears, the patient will have severe pain in the center of the lower back, but will not have leg pain. He also testified that although bed rest will alleviate the symptoms, the patient is left with a weak spot in the covering of the disc that will subsequently allow disc material to herniate through and strike a nerve, causing pain in the hip and leg. Dr. Khoo also testified by deposition that it was possible that Morell's February 23 injury contributed to her ruptured disc. Both Dr. Bacon and Dr. Khoo testified that it was also possible for a ruptured disc to be caused by bowling.
Based on its findings of fact, the trial court concluded that Morell sustained a "nonaccidental" injury. The court applied the law regarding nonaccidental injuries as set out in City ofTuscaloosa v. Howard, 55 Ala. App. 701, 318 So.2d 729
(Ala.Civ.App. 1975), and Ex parte Trinity Industries, Inc., 680 So.2d 262
(Ala. 1996), and held that Morell had not established legal causation, the first prong in the two-pronged Howard test. Thus, the trial court determined that Morell was not entitled to workers' compensation benefits.
This court's standard of review, as established by the legislature, of judgments entered in workers' compensation cases, is as follows:
 "(1) In reviewing the standard or proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
 "(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence."
§ 25-5-81(e), Ala. Code 1975.
The trial court found that Morell had injured herself at work when she coughed while lifting the lid on the plate burner. In fact, the trial court stated that "there is no dispute that the plaintiff hurt her lower back in the area of her waist while at work on February 23, 1994." The court also stated that "the question is what caused the plaintiff's injury." In other words, the issue is whether Morell's accident of February 23 caused the ruptured disc. In answering the question, the trial court applied the law regarding nonaccidental injuries.[2] This was in error. Nonaccidental injuries are those for which there is no sudden and traumatic external event. Ex parte TrinityIndustries, Inc., supra. The law regarding nonaccidental injuries was established for cases involving ailments such as pneumonia, heart attack, stroke, aneurysm, and diabetic coma.See Ex parte Trinity Industries, Inc., supra. Because this type of injury could be the result of natural causes, it would not be *Page 1286 
related to employment, other than perhaps the fact that the disease struck while the employee was at work or immediately after leaving work. Id. In Morell's case, the trial court found that Morell had injured her back at work when she coughed while raising the lid on the plate burner. This is a sudden traumatic event. Thus, the trial court should have applied the law regarding accidental injuries. An injury does not become "nonaccidental" just because the ultimate injury at issue (in this case the ruptured disc) occurred a few months after the incident or could have been caused by factors unrelated to employment.
Morell is entitled to compensation for her injury if it was caused by an accident arising out of and in the course of her employment. § 25-5-51, Ala. Code 1975. The phrase "in the course of" her employment refers to the time, place, and circumstances under which the accident occurred. Dunlop Tire Rubber Co. v.Pettus, 623 So.2d 313 (Ala.Civ.App. 1993). The phrase "arising out of" her employment requires a causal relationship between the injury and the employment. Id. Thus, in accidental injury cases, the employee must produce substantial evidence showing that the alleged accident occurred, and must also establish "medical causation" by showing that the accident was a contributing cause of the injury. Ex parte Trinity Industries,Inc., 680 So.2d at 266 n. 3.[3] When an injury occurs subsequent to an original, compensable injury, the subsequent injury is also compensable if it is a direct and natural result of the original injury. Erwin v. Harris, 474 So.2d 1125
(Ala.Civ.App. 1985). This is true regardless of whether the subsequent injury is an aggravation of the original injury or is a new injury. Id. The plaintiff has the burden of proving a causal connection between the original, compensable injury and the subsequent injury. Id.
The dissent argues that Morell sustained a nonaccidental injury, and suggests that this opinion interprets "accidental injury" too broadly. It could be that the dissent interprets "nonaccidental injury" too broadly. It is undisputed that Morell injured her back at work by coughing and lifting a plate-burner lid. This sudden event was either an accident or it was not an accident. The trial court found that she reported the accident to her employer, who allowed her to leave work and who arranged for her to see a doctor. She missed several days of work because of this injury. Although Morell's accident was not as traumatic as being hit on the head by a hammer, it nevertheless seems to be more of an accidental nature than a nonaccidental nature. If for instance, Morell's back had began aching at work for no apparent reason, then the law regarding nonaccidental injuries should apply. However, Morell is not necessarily entitled to compensation for the ultimate injuries at issue just because her injury was accidental. As is discussed in this opinion, Morell must still meet her burden of proof, which includes proving medical causation.
It appears there has been some confusion regarding whether a showing of "medical causation" is required in an accidental injury case. Proof of medical causation is necessary in order to satisfy the "arising-out-of-employment" requirement. In many cases, proving that the injury arose out of the accident, i.e., proving medical causation — a causal relationship between the accident and the injury — is a simple matter. For instance, if an employee suffers an accident at work in which a finger is amputated by a machine, it is obvious that the accident caused the injury, i.e., catching the finger in the machine caused the amputation. However, in some cases, causation is not so obvious. For instance, in Morell's case, she must produce evidence showing a causal link between the accident and her ruptured disk. One method of proving causation is through the testimony of doctors. However, a doctor's *Page 1287 
testimony is not necessarily always required to prove medical causation. Ex parte Price, 555 So.2d 1060 (Ala. 1989).
While proof of medical causation is required in accidental injury cases, it is simply a part of proving the necessary elements of the claim — that the employee was injured by an accident arising out of and in the course of his or her employment; it is not an additional element.
The judgment of the trial court is reversed. This case is remanded for the trial court to apply the law regarding accidental injuries.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs.
ROBERTSON, P.J., and YATES, J., concur in the result.
THOMPSON, J., dissents.
[1] Morell also sued Tennessee Valley Press for retaliatory discharge, however, this claim was severed from the claim for workers' compensation.
[2] In nonaccidental injury cases, the employee must satisfy a two-pronged test, by proving (1) that the performance of the duties of his or her employment exposed the employee to a danger or risk materially in excess of that to which people not so employed are ordinarily exposed in their everyday lives; and (2) that the particular exposure to the risk proven in the first prong was a contributing cause of the injury at issue. The first prong of the two-pronged test is legal causation; the second is medical causation. Howard, supra; Ex parte TrinityIndustries, Inc., supra.
[3] The note in Ex parte Trinity states:
 "An employee claiming to have been injured by a sudden and traumatic event (an 'accident' in the colloquial sense, e.g., being struck by a falling hammer on a construction site or slipping off a ladder) need only produce substantial evidence tending to show that the alleged 'accident' occurred and tending to establish 'medical causation,' by demonstrating that the 'accident' was a contributing cause of the complained-of-injuries and complications."
Ex parte Trinity Industries, Inc., 680 So.2d 262, 266 n. 3 (Ala. 1996).