**Ruby P. MOWREY, Plaintiff,**

v.

**J & L FARMS, INC., Defendant.**

No. Civ.A. 97–A–1777–N.

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 30, 1998.

Richard J. Spurlin, Elba, AL, for Plaintiff.

William L. Lee, IV, Dothan, AL, for Defendant.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This case is before the court on a Motion for Summary Judgment filed by the Defendant, J & L Farms, Inc., on September 22, 1998. The plaintiff, Ruby P. Mowrey, filed her response on October 15, 1998. The Defendant filed a Motion for Oral Argument on October 22, 1998.

For the reasons to be discussed, Defendant's Motion for Summary Judgment is due to be GRANTED.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing

out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

### III. FACTS

The facts, as viewed in the light most favorable to the nonmovant, are as follows:

Ruth Mowrey began working as an over the road truck driver for J & L Farms in September 1996.[1] In early October 1996, Ms. Mowrey injured her back in Houston, Texas while she was working. See Plaintiff's Affidavit ¶ 3. She informed her immediate supervisor of her injury and returned to Alabama. See id.

Upon her return to Alabama, Ms. Mowrey saw several doctors who advised her to cease all work activity. See id. For the first few

---

1. Defendant vigorously asserts that it never employed Ms. Mowrey. Instead, Defendant claims that Liberty Hill Trucking and/or Shooting Star Enterprises directly employed Ms. Mowrey. According to J & L Farms, its lease agreement with Shooting Star made clear that all drivers were employed by Shooting Star and that Shooting Star was responsible for Workers Compensation benefits. For reasons to be discussed in Section IV of this opinion, whether J & L Farms actually employed Ms. Mowrey does not affect the disposition of this motion. Thus the court finds it unnecessary to expound on the evidence or case law which J & L Farms has produced in support of its theory that it never employed Ms. Mowrey.

weeks after her injury, Ms. Mowrey received certain payments, which she presumed were Workers Compensation benefits. See id. at ¶ 4. The payments stopped, and Ms. Mowrey began submitting all of her medical expenses to her insurance company pursuant to a J & L Farms group health insurance policy. See id; Plaintiff's Exhibit B.

Ms. Mowrey filed a workers compensation claim in the Circuit Court of Covington County, Alabama on March 7, 1997. She asserted that she was totally and permanently disabled as a result of the injuries she received while engaged in her employment with J & L Farms. See Defendant's Exhibit 3. Shortly after filing this claim, Ms. Mowrey received notice from her insurance company that her policy was terminated on May 1, 1997, due to the termination of her employment with J & L Farms. See Plaintiff's Affidavit ¶ 6; Plaintiff's Exhibit B.

Ms. Mowrey filed the present lawsuit on December 30, 1997. She alleges that J & L Farms terminated her employment solely because she filed a claim to recover workers' compensation benefits, in violation of Alabama Code section 25–5–11.1.

## IV. DISCUSSION

Alabama Code section 25–5–11.1 states in relevant part, "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter...."

Regarding retaliatory discharge claims under this section, the Alabama Supreme Court has stated:

> [A]n employee may establish a prima facie case of retaliatory discharge by proving that he was "terminated" because he sought to recover worker's compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the plaintiff must prove that the reason was not true but a pretext for an otherwise impermissible termination.

*Twilley v. Daubert Coated Products, Inc.,* 536 So.2d 1364, 1369 (Ala.1988).

In the context of a defendant's motion for summary judgment, the Alabama Supreme Court further stated:

> [I]f the defendant has supported a summary judgment motion with evidence of a legitimate reason for terminating the plaintiff, the plaintiff must then refute that showing with his own prima facie case.... If the defendant's showing of a legitimate reason is conclusive enough to establish that "there is no genuine question as to [that] material fact and that the moving party is entitled to a judgment as a matter of law," the plaintiff would also have to produce evidence to refute that showing.

*Culbreth v. Woodham Plumbing Company,* 599 So.2d 1120, 1122 (Ala.1992) (citation omitted).

J & L Farms asserts two grounds for summary judgment in its favor: 1) that it was not Ms. Mowrey's "employer" and thus could not have terminated her employment; and 2) that Ms. Mowrey has failed to demonstrate that she was willing and able to return to work at the time of her alleged termination. Under the second theory, the Defendant argues that even if it were Ms. Mowrey's employer, Ms. Mowrey cannot show that J & L Farms terminated her employment for an impermissible reason because she was unable to return to work.

The court finds that, even assuming that J & L Farms employed Ms. Mowrey and terminated her employment after she filed a workers' compensation claim, the Defendant is entitled to summary judgment because the Plaintiff has not shown that she was willing and able to return to work at the time of her alleged termination.[2]

In *Consolidated Stores, Inc. v. Gargis,* 686 So.2d 268, 273 (Ala.Civ.App.), *cert. denied,* 686 So.2d 278 (Ala.1996) the Alabama Court of Civil Appeals held that "an essential element of a retaliatory discharge claim is the plaintiff's willingness and ability to return to work." The court determined that the Alabama Supreme Court had impliedly recog-

---

**2.** The court does not address whether J & L Farms actually employed Ms. Mowrey or termi-nated her employment. That issue is unnecessary to the disposition of this case.

nized such a requirement. *See id.* at 272 (citing *Culbreth v. Woodham Plumbing Company,* 599 So.2d 1120, 1122 (Ala.1992); *Motion Industries, Inc. v. Pate,* 678 So.2d 724 (Ala.1996); *National Security Ins. Co. v. Donaldson,* 664 So.2d 871 (Ala.1995)).

Several cases decided after *Gargis* have affirmed the principle that a plaintiff must show that she was willing and able to return to work to establish a claim under Alabama Code section 25–5–11.1. *See Hammock v. Ryder Dedicated Logistics, Inc.,* 716 So.2d 215, 217 (Ala.Civ.App.1998); *Alexander v. Pace Industries, Inc.,* 710 So.2d 450, 451–52 (Ala. Civ.App.1997); *Bailey v. Walker Regional Medical Center,* 709 So.2d 35, 38 (Ala.Civ. App.1997); *Rice v. Bruno's, Inc.,* 705 So.2d 486, 488 (Ala.Civ.App.1997); *Watwood v. White Consolidated Industries, Inc.,* 699 So.2d 210, 213 (Ala.Civ.App.1997); *Lambert v. Beverly Enterprises, Inc.,* 695 So.2d 44, 47 (Ala.Civ.App.1997).

Though it is not entirely clear where this element fits into the paradigm for retaliatory discharge cases set forth in *Twilley v. Daubert Coated Products, Inc.* and *Culbreth v. Woodham Plumbing Company,* a plaintiff must establish that there is a genuine issue of material fact concerning her willingness and ability to return to work to defeat a motion for summary judgment. *See Watwood,* 699 So.2d at 213.

J & L Farms has presented some evidence that Ms. Mowrey was unable to return to work. Specifically, the Defendant produced a copy of Ms. Mowrey's Workers Compensation Complaint, wherein she stated that "she is totally and permanently disabled as a result of the injuries that she received while engaged in the employment of the defendant." Defendant's Exhibit 3. This evidence is sufficient at least to shift the burden and require Ms. Mowrey to produce evidence that she was willing and able to return to work.

Ms. Mowrey has not carried her burden. There is no evidence before the court that Ms. Mowrey was willing or able to return to work. In her response to the Defendant's Motion for Summary Judgment, the Plaintiff did not address the contention that she could not establish this essential element of her claim. The only reference to her ability to work in the materials which she submitted to this court is a statement in her affidavit that approximately two weeks after her injury, her doctors advised Ms. Mowrey to "cease all work activity." Plaintiff's Affidavit ¶ 3.

In addition to Ms. Mowrey's failure to produce any evidence showing her ability to work, other materials submitted to the court by the Defendant suggest that Ms. Mowrey was not able to return to work at the time of her alleged termination. In the Plaintiff's Response to Defendant's Interrogatories, dated September 12, 1998, Ms. Mowrey stated that one doctor indicated she had fractured vertebrae, and another doctor indicated that she had a ruptured disc. Defendant's Exhibits 4, 5. Responding to interrogatories concerning the extent of her disability, Ms. Mowrey stated that her disability commenced October 8, 1996 and continues to the present. See id. She further stated that she suffers from extreme pain in her back and lower extremities and an inability to lift, bend, stoop, climb, walk significant distances, or sit for prolonged periods.

Because Ms. Mowrey has not produced any evidence that she was willing and able to return to work, she cannot establish an essential element of a retaliatory discharge claim under Alabama Code section 25–5–11.1. Thus summary judgment is proper.

## V. CONCLUSION

For the reasons stated above, the Defendant's Motion for Summary Judgment is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.