MONROE, Judge.
The plaintiff appeals from a summary judgment entered in an action against her former employer alleging retaliatory discharge.
On August 30, 1994, Ainslie Morell sued Tennessee Valley Press, Inc.,' seeking workers’ compensation benefits she claimed she was owed for injuries that she alleged were the result of an on-the-job accident. On March 23, 1995, Morell amended her complaint, alleging that Tennessee Valley had terminated her for filing a workers’ compensation claim and thereby had violated § 25-5-11.1, Ala.Code 1975. Morell’s retaliatory discharge claim was severed from her workers’ compensation claim; the judgment entered in her workers’ compensation case was recently reversed by this court on appeal. See Morell v. Tennessee Valley Press, Inc., 716 So.2d 1282 (Ala.Civ.App.1998). The trial court granted Tennessee Valley’s motion for a summary judgment in her retaliatory discharge case. Morell appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
According to Rule 56(c)(3), a summary judgment motion shall be granted if the pleadings and evidence on file show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. The nonmovant may defeat a properly supported motion for a summary judgment by providing “substantial evidence” indicating a genuine issue of material fact. Gray v. Liberty Nat’l Life Ins. Co., 623 So.2d 1156 (Ala.1993). “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see § 12-21-12, Ala.Code 1975. In reviewing a summary judgment, we must view the evidence in the light most favorable to the nonmovant. Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala.1985).
Viewed in the light most favorable to Morell, the evidence indicates the following: Morell had worked at Tennessee Valley Press as a platemaker since 1992. On February 23, 1994, she injured her back while at work and left work early on that day. The next day, she telephoned James Johnson, the president of Tennessee Valley, informing him she could not return to work that day, and he instructed her to see Dr. Ben Moore. She went to Dr. Moore complaining of lower back pain and a cold. He gave her a “return to work” form in which he diagnosed her as suffering from acute low back strain and instructed her not to return to work until February 28. Dr. Moore also instructed her to avoid lifting, carrying, stooping, kneeling and straining, and prolonged standing and sitting.
In approximately April 1994, Morell began experiencing pain in her left leg and hip. She went to Dr. David Khoo, who eventually informed her that she suffered from a herniated disc, which he told her he believed was caused by the February 23 accident. On May 23, 1994, Dr. Khoo instructed her that she should not continue working pending further treatment. On May 24, Morell reported to her workplace and told Johnson that she had a herniated disc, that Dr. Khoo believed it was caused by her February 23 accident, and that Dr. Khoo had instructed her not to work. Mo-rell testified that Johnson had not wanted to submit a workers’ compensation claim based on her injury, but that he finally agreed to submit such a claim after she asked him to do so. On May 25, 1994, Johnson signed a “first report of injury” *495 stating that Morell had injured her back on February 28, 1994. He submitted this form to Sun Employer Services, Inc., the administrator of Tennessee Valley’s workers’ compensation insurance. On May 26, 1994, Johnson wrote a letter to Sun Employer Services, stating that “we question the integrity of the origin of the loss.”
On June 24, 1994, Patricia Borowski, claims manager of Sun Employer Services, wrote Morell a letter informing her that her request for workers’ compensation benefits for her herniated disc had been denied. On July 1, 1994, Morell’s attorney sent Borowski a letter informing her that he had been hired to represent Morell regarding her claim for workers’ compensation benefits for her herniated disc. Bo-rowski testified by deposition that her practice is to inform the employer when she learns that an employee has hired an attorney to pursue a workers’ compensation claim. Borowski also testified that she generally contacts the employer within a week of receiving the information. However, she could not remember whether she contacted Johnson regarding Morell’s retaining legal representation.
On August 3, 1994, Johnson wrote Mo-rell a letter stating:
“As of this date The Tennessee Valley Press, Inc., has terminated your employment with the company due to your job abandonment. It has been several weeks since we have had any word or update on your condition. If you have any questions of if there is any documentation you need for health information or other matters, please notify me by mail within ten days.”
Johnson testified by deposition that in writing the letter, he was looking for information regarding Morell’s situation and when she would return to work. Morell’s attorney wrote Johnson a letter on August 11, 1994, informing him that Morell had not abandoned her job, that she was not at work because she was awaiting surgery on her ruptured disc, and that her doctor had told her not to work until after her surgery. In addition, the letter stated that the disc injury was the result of the on-the-job accident, and it demanded that Tennessee Valley reinstate Morell’s employment. On July 12, 1995, almost a year later, Tennessee Valley’s attorney wrote Morell’s attorney to inform him that Morell had not been officially terminated and that she could return to work. Morell had undergone disc surgery on September 14, 1994, and had been released to return to work on February 28, 1995. She had found another job and had begun working in December 1994, even before her doctor released her to return to work. She did not accept Tennessee Valley’s July 12 offer to return to work.[1]
Morell testified that she had spoken with Johnson several times before she received the August 3 termination letter and that he was aware that she was undergoing treatment and awaiting surgery for her disc injury. Johnson testified that when he wrote the August 3 letter, the employer had not heard from Morell in several weeks, and that he did not specifically recall having a conversation with Morell between May 25 and August 3. In his deposition, Johnson testified regarding the requirements for an employee who has been injured on the job:
“Q In fact, as of May 25, 1994, if you had an ori-the-job injury and you were off work for a medical reason, what procedure should that person have followed and continued to be able to continue as an employee there at Tennessee Valley Press as distinguished from simply a person who was out from work for reasons other than a workmen’s comp claim?
“A We have in our employees handbook a policy about absence, leave of absence.
*496 “Q So if you have a workmen’s comp claim, you actually have to file for a leave of absence; is that correct?
“A No, sir, that’s not a requirement. I said that we have a policy about the leave of absence. We also have a policy in there about being absent. So, you know, we had no word and we turned it over to the insurance carrier and figured from that point on it would be handled by them.”
Johnson also testified that Tennessee Valley had a policy requiring employees to telephone the office every day they are absent; however, he could not specify whether it was a written policy or an oral policy.
Yvonne Chadick, Tennessee Valley’s bookkeeper, testified that she had spoken with Morell and knew she was awaiting surgery, although she was not sure of the dates on which she spoke to Morell. She also testified that Morell was terminated because Tennessee Valley did not hear from Morell after her workers’ compensation claim was denied, and it was assumed that she would contact Tennessee Valley after her claim was denied.
Section 25-5-11.1, Ala.Code 1975, provides: “No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers’ compensation benefits under this chapter....” Regarding a motion for a summary judgment in a retaliatory discharge case, the Alabama Supreme Court has established the following framework:
“[I]f the defendant has supported a summary judgment motion with evidence of a legitimate reason for terminating the plaintiff, the plaintiff must then refute that showing with his own prima facie case.... ”
Culbreth v. Woodham Plumbing Co., 599 So.2d 1120, 1122 (Ala.1992). An employee can prove a prima facie case by showing:
“ ‘[The employee] filed a worker’s compensation claim for a work-related injury; the injury prevented him from working [for a period of time]; he subsequently returned to work; and upon his return he was informed that he no longer had a job.’ ”
Buzbee v. Alabama Waste Services, Inc., 709 So.2d 61, 63 (Ala.Civ.App.1998), quoting Culbreth, 599 So.2d at 1122.
After reviewing the evidence, we conclude that Morell presented substantial evidence establishing a prima facie case of retaliatory discharge. Although she was terminated for “job abandonment,” Morell presented substantial evidence indicating that she had been in contact with Johnson and Chadick and that they knew she was waiting to have surgery and that she had been instructed by her doctor to remain off work. She also presented substantial evidence in the form of Johnson’s own testimony, in which he stated that it was not necessary for an employee to obtain a leave of absence if the employee cannot work because of an on-the-job accident. Although Johnson testified that, when he terminated her on August 3, he did not know that Morell had hired an attorney to contest the denial of her workers’ compensation claim, Borowski testified that her normal practice was to inform the employer within a week of receiving information that an employee had hired an attorney. Morell’s attorney had written Borowski on July 1.
Morell and Tennessee Valley Press argue as to whether this court’s holdings in Consolidated Stores, Inc. v. Gargis, 686 So.2d 268 (Ala.Civ.App.1996), cert. denied, 686 So.2d 278 (Ala.1996), and Lambert v. Beverly Enterprises, Inc., 695 So.2d 44 (Ala.Civ.App.1997), apply in this case. In Gargis and Lambert, we held that an employee must be willing and able to work in order to satisfy a claim of retaliatory discharge. In both cases, the employees returned to work after recuperating from their injuries and found they were unable to perform the necessary and essential functions of their jobs. In Morell’s case, at the time of her termination her doctor *497 had not released her to return to work and she was waiting to have surgery. She testified that she would have returned to work at Tennessee Valley if she had not been terminated. There is no evidence that she was unable or unwilling to return to her job after recovering from the injury for which she was seeking to recover workers’ compensation benefits. Indeed, her attorney wrote a letter demanding that she be reinstated, but Tennessee Valley did not respond to this demand until almost a year after it was made, which was after Morell already had another job.
For the foregoing reasons, we hold that the trial court erred in entering the summary judgment. We reverse that judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P. J., and YATES and CRAWLEY, JJ., concur.
THOMPSON, J., dissents.

. For purposes of its motion for a summary judgment only, Tennessee Valley stipulated that Morell was terminated on August 3, 1994.