MONROE, Judge.
The employee, Joseph Lee Bartlett, appeals from a summary judgment entered in favor of the employer, C & W Machine Tool, Inc., on claims alleging retaliatory discharge and the tort of outrage.
On April 16, 1997, Bartlett sued C & W seeking workers’ compensation benefits. He later amended his complaint to allege retaliatory discharge and the tort of outrage. C & W moved for a summary judgment on the claims alleging retaliatory discharge and outrage. While that motion was pending, the parties reached a settlement on Bartlett’s workers’ compensation claim, and on July 29, 1998, the trial court entered a judgment approving that settlement. On July 31, 1998, the trial court entered a summary judgment in favor of C & W on the claims alleging retaliatory discharge and the tort of outrage. Bartlett appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
According to Rule 56(c)(3), a summary judgment motion shall be granted if the pleadings and evidence on file show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. The non-movant may defeat a properly supported motion for a summary judgment by providing “substantial evidence” creating a genuine issue of material fact. Gray v. Liberty Nat’l Life Ins. Co., 623 So.2d 1156 (Ala.1993). “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see also § 12-21-12, Ala.Code 1975. In reviewing a summary judgment, we must view the evidence in the light most favor *443 able to the nonmovant. Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala.1985).
The Alabama Supreme Court has stated that an employee can prove a prima facie case of retaliatory discharge by showing:
“[The employee] filed a worker’s compensation claim for a work-related injury; the injury prevented him from working [for a period of time]; he subsequently returned to work; and upon his return he was informed that he no longer had a job.”
Culbreth v. Woodham Plumbing Co., 599 So.2d 1120, 1122 (Ala.1992). This court has also held that “an essential element of a retaliatory discharge claim is the plaintiffs willingness and ability to return to work.” Consolidated Stores, Inc. v. Gargis, 686 So.2d 268, 273 (Ala.Civ.App.1996), cert. denied, 686 So.2d 278 (Ala.1996); see also Lambert v. Beverly Enterprises, Inc., 695 So.2d 44 (Ala.Civ.App.1997). The facts, viewed in the light most favorable to Bartlett, reveal that he began working as a machinist for C & W in September 1987. On approximately January 4, 1997, Bartlett injured his back in the course of his employment. He sought medical treatment and was instructed to rest and to take medication for what was diagnosed as back strain. When his condition did not improve after a week, he sought additional treatment, and was diagnosed as having a herniated disc. His doctor provided paperwork stating that he had suffered an on-the-job injury. Bartlett’s fiancee took the paperwork to C & W and gave it to one of the owners. She stated that the owner told her that Bartlett was “not welcome” at C & W. C & W apparently refused to provide' Bartlett with workers’ compensation benefits. Bartlett had back surgery and filed this action. Bartlett testified that no one at C & W had told him that he was terminated. He assumed he was terminated because, he says, one of the owners told his fiancee that he was not welcome there and because C & W had canceled his health insurance.
Whether Bartlett resigned or was fired is disputed. If this were the only question, we would have to reverse the summary judgment on the claim of retaliatory discharge. However, it is undisputed that Bartlett was not able to return to work. Bartlett testified that he was not physically able to return to work at C & W. Although he stated that he would have attempted to return to work if he had not been under the impression he had been fired, he also stated that, even though he would have tried, he would not have been able to perform his job. Because Bartlett was not able to return to work, his retaliatory discharge claim must fail.
We note that Bartlett argues that his case is analogous to Morell v. Tennessee Valley Press, Inc., [Ms. 2970876, November 6, 1998] — So.2d -(Ala.Civ.App.1998). We disagree. The difference between this case and Morell is that Morell was able to perform her job after she completed her medical treatment. There was no evidence presented or argument advanced that Morell was unable to return to work. However, in this case, Bartlett testified that he was not able to return to work. Thus, he has failed to present evidence to support this “essential element.” Therefore, the summary judgment was proper.
Bartlett also argues that the trial court erred in entering the summary judgment on his claim alleging the tort of outrage. To establish a claim alleging the tort of outrage, the plaintiff must show (1) that the actor intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant’s actions caused the plaintiff distress; and (4) that the distress was severe. Harris v. McDavid, 553 So.2d 567 (Ala.1989). The conduct alleged must be “so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atro *444 cious and utterly intolerable in a civilized society.” Id. at 570; citing American Road Service Co. v. Inmon, 394 So.2d 361, 365 (Ala.1981).
Bartlett contends that C & W terminated his employment, refused to provide workers’ compensation benefits, and treated him unfairly while he was recuperating from his back injury. He contends that C & W’s actions caused him great distress and mental anguish in that he was also suffering from physical pain and from the stress of having no income with which to support his family. Assuming all Bartlett’s allegations to be true, we conclude that the alleged conduct by C & W falls below the threshold of outrageous conduct as established by the Alabama Supreme Court. Therefore, we conclude that the trial court correctly entered the summary judgment on this claim.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.