MONROE, Judge.
This is the second time this case has been before this court. In the first appeal, Ainslie Morell appealed from the trial court’s judgment denying her claim for workers’ compensation benefits. Morell v. Tennessee Valley Press, Inc., 716 So.2d 1282 (Ala.Civ.App.1998).[1] We reversed the judgment, holding that the trial court erred by applying the law regarding non-accidental injuries. Id. We remanded the case to the trial court with instructions that that court apply the law regarding accidental injuries. Id. On remand the trial court applied the law regarding accidental injuries and entered a judgment denying Morell’s claim for workers’ compensation benefits. Morell appeals.
A thorough review of the relevant facts can be found in Morell, supra. Briefly stated, Morell injured her back when she coughed while she was lifting the lid on a plate burner, which is similar to lifting the lid of a copying machine. She gave timely notice to her employer and left work the same day. She was treated by a doctor, and she returned to work in a few days. After returning to work, she performed her job without restrictions and worked a lot of overtime. Approximately a month after her injury, Morell began experiencing pain in her buttocks and leg. She first experienced this pain the morning after she had gone bowling and had bowled *2 several games. Morell was ultimately diagnosed with a ruptured disc, and she underwent surgery. She filed a workers’ compensation claim with Tennessee Valley. It denied the claim.
On remand, the trial court incorporated into its judgment certain factual findings it had made in arriving at its original judgment. These factual findings are recited in Morell, 716 So.2d at 1284-85. In its judgment on remand the court found that Morell had suffered an accidental injury. It also stated as follows:
“[T]his Court is not reasonably satisfied by substantial evidence that the accident and injury which the plaintiff sustained on February 23, 1994, caused the condition for which claim was made in this action, i.e., a ruptured disc. In fact, this Court finds that there was ample evidence to the contrary. For instance, although the plaintiff injured her back on February 23, 1994, she made apparent full recovery within two days and returned to full duty on February 28. She testified that she worked steadily and experienced no further problems until several weeks later [when] she experienced pain in her buttocks the morning after, she had bowled, the night before, seven straight games with a 14 pound bowling ball.”
Morell argues on appeal that the trial court’s judgment is not supported by substantial evidence. Our standard of review is as follows:
“(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
“(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.”
§ 25-5-81(e)(l) and (2), Ala.Code 1975.
We will not reverse the trial court’s finding as to a question of fact in a workers’ compensation case when that finding is supported by substantial evidence, i.e., “ ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)); and § 12-21-12(d), Ala.Code 1975.
On the first appeal, we summarized Mo-rell’s burden of proof as follows: “[I]n accidental injury cases, the employee must produce substantial evidence showing that the alleged accident occurred and must also establish ‘medical causation’ by showing that the accident was a contributing cause of the injury.” Morell, 716 So.2d at 1286.
After reviewing the trial court’s judgment, we conclude that it correctly applied the law regarding accidental injuries. We also conclude that its judgment is supported by substantial evidence. The evidence was disputed regarding the cause of Morell’s ruptured disc. Two orthopedic surgeons testified that her injury could have been caused by her on-the-job accident or that it could have been caused by bowling. The evidence indicated that Mo-rell had completely recovered from the accident and that she began experiencing pain in her buttocks and leg the day after she had gone bowling. In a case, such as this one, where the evidence is disputed, we must defer to the judgment of the trial court, provided that its judgment is supported by substantial evidence. Substantial evidence supports the trial court’s conclusion that Morell’s ruptured disc was not caused by her on-the-job accident.
Morell contends that the trial court should be bound by its statement in its original judgment that the deposition of one orthopedic surgeon supported a finding of medical causation. This statement, however, was dictum. The trial court had already found that Morell had not established the first prong of the two-pronged *3 test for nonaccidental injuries. The trial court also clarified its statement by noting that the burden of proving medical causation in nonaccidental cases is a lesser burden than in accidental cases. In the previous appeal, rather than rendering a judgment, we remanded the case to allow the trial court to reevaluate the entire case using the correct law. The trial court made its findings and conclusions after our remand; it was not bound by conclusions previously reached under inapplicable law.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.

. Morell also sued Tennessee Valley for retaliatory discharge. See Morell v. Tennessee Valley Press, Inc., 752 So.2d 493 (Ala.Civ.App.1998).