This is an appeal by plaintiffs below, Mr. and Mrs. Furgerson, from summary judgments entered in favor of Dresser Industries, Inc., Thrasher Oil Company, and Handy Food Stores, Inc. We reverse as to Thrasher and Handy and affirm as to Dresser.
Handy Food Stores operates a convenience store at premises occupied by it containing a self-service gasoline pump island upon which are situated three pumps designed and manufactured by Dresser Industries, purchased from Service Equipment Company by Thrasher Oil Company and installed by Huntsville Pump Company.
During August 1980, Pansy Furgerson went to the Handy Store to buy gasoline for her automobile. She stopped at the pump island, got out of her car, walked around the pumps, entered the store and handed the cashier money to pay for gasoline, returned to her automobile by again walking around the pumps, and pumped gas into the tank of her automobile. She then began a return walk to the store in order to get change from the money she had left with the cashier. On this last walk she was in the process of crossing over the pump island. As she walked toward the store, the physical appearance of the pumps, island, and entrance was as illustrated by this reproduction of a photograph in evidence as a part of that upon which the motions for summary judgment were submitted: *Page 733 
[EDITORS' NOTE: PICTURE IS ELECTRONICALLY NON-TRANSFERRABLE.]
As she was crossing over the island at a point between the left-most pump depicted in the photograph and the column supporting the canopy over the pumps, she looked down before stepping up and, in striding forward, struck her head against the arm of the pump containing the price and gallonage meters. She fell backward to the pavement and suffered injuries to her head, left hand, left hip and left elbow, requiring hospitalization and surgery.
Suit was filed claiming damages on the theories of the Alabama Extended Manufacturer's Liability Doctrine and that of premises liability. The Furgersons say the issue is whether there is a genuine issue of material fact yet to be resolved. With this, Thrasher Oil, Handy Stores, and Dresser Industries agree. This court also agrees.
The Furgersons' only claim against Dresser, when viewed under the evidence upon which the Dresser motion for summary judgment was submitted, would necessarily fall under the Alabama Extended Manufacturer's Liability Doctrine. There is no set of provable facts under that doctrine by which the Furgersons could recover. On the contrary, under the evidence in this case, Dresser has shown there is lacking any genuine issue of material fact and the Furgersons have not shown otherwise. SeeWorley v. Worley, 388 So.2d 502 (Ala. 1980), and Sears, Roebuck Co., Inc. v. Haven Hills Farm, Inc., 395 So.2d 991 (Ala. 1981), Casrell v. Altec Industries, Inc., 335 So.2d 128 (Ala. 1976), and Atkins v. American Motors Corporation, 335 So.2d 134
(Ala. 1976).
Turning now to an examination of the theories upon which the Furgersons seek to recover against Thrasher and Handy, we can readily see that factual disputes will have to be resolved in order that an ultimate disposition of the claims of the Furgersons against those two defendants may be made; therefore, summary judgments in their behalf are inappropriate.
One only need examine the photograph depicting the placement of the pumps, to immediately conclude there are genuine issues of material facts regarding whether there was negligence in the physical placement and maintenance of these particular pumps at the Handy premises. There are three pumps on the island. Under and alongside the arm of two of them are concrete or cement filled pipes. These *Page 734 
serve as protection to those persons crossing the island, at the site of those two pumps, from coming in contact with the arms of two of the pumps. Obviously, someone deemed that arrangement a reasonably necessary precaution against the possibility that the pump arms present a potentially dangerous or injury producing instrumentality. As stated by them in brief, Handy and Thrasher owed Mrs. Furgerson the duty to maintain the premises in a reasonably safe condition, to warn of hidden defects or dangers, and to protect her from dangerous structures that might result in or cause her injury. We might enlarge upon that to state: and also to take reasonably necessary precautions against reasonably foreseeable harm that might result from the existence of structures that are open and obvious, but concerning which the dangerous potential is not so open and obvious.
Suppose the danger from the left-most pump arm is open and obvious, does it follow that Mrs. Furgerson appreciated that danger when last traversing the island at that point in time simply because she had traversed the island twice previously on that occasion? That would be a matter of affirmative defense for resolution by a jury. The situation here only differs as to the element of time from an obvious hypothetical: Mrs. Furgerson repairs to a local hotel to attend the weekly meeting of her ladies' bridge club being held in a private dining room. In order to gain entrance to the private dining room she must go through the public dining room. In so doing, she reaches a step-up at the door to the private room, the door opens outward over the step-up, she enters uneventfully. Three hours later she is leaving, reaches the door (there is no "watch your step," "caution — step-down" or other warning), pushes it outward and misses the step-down, falling and suffering injuries. Is she consciously aware of the danger at that moment, having traversed the allegedly open and obvious danger entered three hours earlier simply because it was visible? In other words, did she have a conscious appreciation of any danger presented by the physical conditions that made up the entrance-exit way at the time she fell and was injured? Only a jury may answer those questions, just as only a jury has a right to determine if Pansy Furgerson was guilty of contributory negligence at the time of her fall and injury in this case.
Also, only a jury may resolve the issue of negligence of Handy and Thrasher, vel non, in connection with the placement and maintenance of those particular style pumps under the particular facts of this case, including the placement and maintenance of pipes in the manner done in this case. It would be for a jury to say whether, under conceivable facts that might be proved in this case, there was negligence upon the part of Handy and Thrasher. The evidence shows that genuine issues of facts exist and Handy and Thrasher have not proved to the contrary. Rule 56, ARCP, and see generally, Coggin v.Starke Bros. Realty Co., 391 So.2d 111 (Ala. 1980).
This court having determined that summary judgments were improvidently entered in behalf of Handy Food Stores, Inc. and Thrasher Oil Company, those judgments are due to be, and are hereby, reversed and this case remanded for further proceedings consistent with this opinion.
AFFIRMED AS TO DRESSER INDUSTRIES, INC. REVERSED AND REMANDED AS TO HANDY FOOD STORES, INC. AND THRASHER OIL COMPANY.
TORBERT, C.J., and FAULKNER and ADAMS, JJ., concur.
ALMON, J., concurs in result. *Page 735