It is incomprehensible to me, how the majority can cavalierly ignore the fact that the trial court held this action to be barred by the one year statute of limitations. In this case, it cannot be said there is no genuine issue as to any material fact. The original complaint stated a claim against the fictitious defendant denominated as "G," thusly; "Defendants G, H and I . . . negligently caused or allowed lights therein to be cut off without warning or notice to Plaintiff." National Security was later, by amendment, substituted for G. Under our liberal notice pleadings, which I decry as *Page 1391 
being too loose, this allegation of negligence would include the charge that defendant "G" negligently failed to warn Owens that the lights were off.
We then pass to the question of National's duty to warn. Both parties submitted National's motion for summary judgment upon the depositions of Mack Owens; National in support, Owens in opposition. Owen's deposition, as correctly stated by him in brief, shows that he was assigned to work in a place at Montgomery Food Processors requiring him to pass through a darkened maintenance area approximately 210 feet long; just a bit over two-thirds the length of a football field. He was unaware, and had not been notified of, a general electrical power outage. When this became apparent to him, he made for a door adjacent to which there was a switch and emergency lights. During this attempt he was caused to fall and be injured by a forklift left in an aisle theretofore known to him to be left free and clear as a passageway. Owens was employed by an independent contractor and was scheduled to work at the time and place of the injury. Surely National was aware of or should have known of these facts and circumstances. It was responsible for plant security. The question of its duty owed to Owens was an issue of fact for resolution by a jury.
It was also for the jury to decide whether Owens had a conscious appreciation of any obvious or open danger presented by the physical conditions making up the entrance-exit way at the time he fell and was injured. In summary, with the forklift blocking the aisle, was the danger presented by darkness so open and obvious as to relieve National of any duty to warn about the lights or move the forklift? See Furgerson v. DresserIndustries, 438 So.2d 732 (Ala. 1983).
Also, here, a jury question is presented because a jury could rationally find that Owens could not reasonably expect his path to be blocked in an area where there was a power outage of which there was no forewarning. Further, it could be reasonably concluded that Owens's conduct in slowing his walk and shuffling his feet when he could no longer see were precautions a prudent person would take.
The duty to warn usually arises from the particular relationship of the parties and under the particular facts of each case. To say, as a matter of law, there was no duty to warn under the facts of this case is a severe test of one's credulity. Where is there no disputable question of whether darkness of a passageway, having a forklift left to block it, is an open and obvious, consciously appreciated, danger? Unquestionably the question is one of fact for the jury and presents the factual dispute of the duty to warn for resolution by a jury. Where does this fact scenario present an indisputable issue of a danger, consciously appreciated, fully known to Owens?
"Reasonable persons do not walk the length of a large, windowless, and unlighted building and not realize that the way is dark." So says the majority. I ask, what reasonable person expects to find a place through which he must pass to go to his work place, customarily and usually illuminated, unilluminated without any forewarning?
This is no case for disposition by summary judgment. Negligence actions seldom can be disposed of by summary judgment in light of the scintilla rule which, in spite of my disagreement, is still the rule.
ADAMS, J., concurs.
 *Page 1