The plaintiff, Tammy Jo Norris, appeals from a judgment based on a directed verdict for the defendant in a premises liability action. Ms. Norris sued Wal-Mart Stores, Inc., alleging that the Muscle Shoals Wal-Mart store in Colbert County had not exercised proper care in stocking items, and that, as a result of its failure to properly maintain the stocked items or a failure to warn customers of the danger caused by the items, she was injured. On January 28, 1993, the case was tried before a jury. At the close of the evidence, the judge directed a verdict for Wal-Mart. The plaintiff appeals from the resulting judgment. We reverse and remand.
A motion for a directed verdict tests the sufficiency of the opponent's evidence. Danford v. Arnold, 582 So.2d 545, 546
(Ala. 1991); Coburn v. American Liberty Ins. Co., 341 So.2d 717
(Ala. 1977). When ruling on a motion for a directed verdict, a trial court must view the entire evidence in the light most favorable to the nonmoving party. Caterpillar Tractor Co. v.Ford, 406 So.2d 854 (Ala. 1981). The moving party must demonstrate that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Danford
at 546; Bazzel v. Pine Plaza Joint Venture, 491 So.2d 910
(Ala. 1986).
The applicable standard of review is the "substantial evidence rule." Alabama Code 1975, § 12-21-12; Watters v.Lawrence County, 551 So.2d 1011 (Ala. 1989). If a claimant fails to present substantial evidence as to one or more elements of his cause of action, a directed verdict is proper. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870 (Ala. 1989). Therefore, in order for Ms. Norris to defeat the motion for directed verdict, she was required to present substantial evidence that *Page 477 
Wal-Mart owed her a duty, that it breached that duty, and that the breach of that duty was the proximate cause of her injury. Jones v. Newton, 454 So.2d 1345, 1348 (Ala. 1984).
The evidence, when viewed in a light most favorable to Ms. Norris, indicates the following: Ms. Norris was shopping in the Muscle Shoals Wal-Mart store. When she bent down to get an item off a lower shelf, some boxes of toothpaste, each of which weighed 10 pounds, fell from a shelf above and one of them injured her. The shelf was more than six feet from the floor, and Wal-Mart employees used ladders to stock the shelf. Ms. Norris's seven-year-old daughter, who was shopping with her, testified that she saw no one near the box that struck her mother when it fell and that she did not know why it had fallen. There was no evidence as to the position of the box before its fall. The shelf from which the box fell did not have a railing.
Wal-Mart does not contest the fact that the box fell from the top shelf and hit Ms. Norris on the back of her head and neck as she leaned over to select an item from the lower shelf. The blow, she said, forced her to her knees. She offered evidence from which the factfinder could determine that the blow resulted in injuries from which she still suffers. The evidence was undisputed that she sought medical attention immediately following the accident and that she continues to be treated for pain. The evidence would support a finding that she continues to suffer pain that interferes with her normal activities.
Ms. Norris was a business invitee on the premises of Wal-Mart; therefore, Wal-Mart owed her a duty to exercise reasonable care to maintain its premises in a reasonably safe condition. McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1992). A defendant is not the "insurer of the safety of his invitees [and] there is no presumption of negligence which arises from the mere fact of an injury to an invitee." Shaw v. City of Lipscomb, 380 So.2d 812, 814 (Ala. 1980); Tice v. Tice, 361 So.2d 1051 (Ala. 1978); Delchamps,Inc. v. Stewart, 47 Ala. App. 406, 255 So.2d 586, cert. denied,287 Ala. 729, 255 So.2d 592 (1971). Ms. Norris contends that, because Wal-Mart deemed railings a reasonable precaution in some areas of the store, it had a duty to use the same reasonable precaution of fencing all shelves in other areas of the store, particularly the one where she was injured. Ms. Norris asserts that, at the least, the evidence presented a question of fact from which the jury could conclude that Wal-Mart was negligent in using railings on some of its shelves and not using railings on the shelf from which the case of toothpaste fell. She cites Furgerson v. Dresser Industries,Inc., 438 So.2d 732 (Ala. 1983), to support this contention.
In Furgerson, a convenience store operated three identical gas pumps, which were placed in a row. Two of the pumps had poles beneath their display-panel arms to prevent customers from walking into the arms that jutted out from the pumps. The third pump had no safety poles. A customer walked into the unmarked arm of the third pump, fell backwards, and was injured. This Court stated:
 "One only need examine the photograph depicting the placement of the pumps, to immediately conclude there are genuine issues of material facts regarding whether there was negligence in the physical placement and maintenance of these particular pumps at the Handy premises."
Furgerson at 733. Ms. Norris construes this to mean that, because Wal-Mart used railings on other shelves in the store, but not in the area where she was injured, this "demonstrate[s] that issues of material fact existed and the factual question of negligence should have been submitted to the jury." We agree.
This is not a slip and fall case. In Furgerson, the pumps were identical except for the missing safety poles on the third pump. In this case, some of the shelves upon which merchandise was stored or displayed had railings that would prevent an item from sliding off. Shelves with railings were otherwise identical to the ones without railings. Whether railings were installed apparently depended upon what was stored on the shelves. A fact question was presented as to whether Wal-Mart breached its duty to provide *Page 478 
a safe place for business invitees to shop by storing cases of toothpaste on high shelves, under which customers were invited to shop, without providing a railing to keep a heavy box from falling onto a customer.
Ms. Norris also contends that the court should not have directed a verdict because:
 "[I]n cases where the alleged defect is a part of the premises . . ., once a plaintiff has made a prima facie showing that a defect in a part of the premises has caused an injury, then the question whether the defendant had actual or constructive notice of the defect will go to the jury, regardless of whether the plaintiff makes a prima facie showing that the defendant had or should have had notice of the defect at the time of the accident."
Mims v. Jack's Restaurant, 565 So.2d 609, 610 (Ala. 1990). She claims that the shelves were defective and that a jury should decide whether the store should have had notice of their defect. The defect that Ms. Norris refers to is the lack of "fencing" or "snap-railing" on the uppermost level of the shelf. In Mims, supra, we said that where the alleged defect or instrumentality is a part of the premises, such as a display rack, and not a foreign substance, such as spilled food, for example, the owner of the premises has a duty to provide ordinary and reasonable maintenance of those premises in order to meet its duty to its invitees.
We have carefully reviewed this case and conclude that the judgment of the trial court is due to be reversed and the cause remanded for resolution by a jury. Ms. Norris introduced evidence from which a jury could conclude that Wal-Mart breached its duty to her as a business invitee and that the breach of that duty was the proximate cause of her injuries. The trial court erred in directing a verdict for the defendant.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.