I disagree with the majority's holding that Lowe's and Latham's constitutional right to a jury trial was violated. Therefore, I must respectfully dissent.
I think the dispositive issue in this case should be whether there was sufficient evidence to support the trial judge's entry of a directed verdict in favor of the plaintiff, Richard Laxson, on the issue of negligence.
 "A motion for a directed verdict tests the sufficiency of the opponent's evidence. When ruling on a motion for a directed verdict, a trial court must view the entire evidence in the light most favorable to the nonmoving party. The moving party must demonstrate that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law."
Norris v. Wal-Mart Stores, Inc., 628 So.2d 475, 476 (Ala. 1993) (citations omitted).
The applicable standard of review is the "substantial evidence rule." Ala. Code 1975, § 12-21-12. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989); see Strahsburg v. Winn-DixieMontgomery, Inc., 601 So.2d 916, 917 (Ala. 1992).
Matters that are usually considered to be jury questions can be resolved on a motion for a directed verdict when the evidence clearly warrants such a resolution. Osborn v. Johns,468 So.2d 103 (Ala. 1985). Moreover, although application of the expected standard of care and questions of proximate cause are normally for the jury, at the point at which reasonable persons cannot disagree, questions of fact may be decided as matters of law. Keller v. Kiedinger, 389 So.2d 129 (Ala. 1980). This is such a case.
Latham stepped on a short (two-foot) ladder to reach a heavy pedestal pump located on a shelf eight feet high. As Latham stretched to the limit of his reach to lift the pump, it slid out of his hands and fell toward Laxson, who was squatting down on the floor to the left of Latham. The pump struck Laxson on the back of his neck. Under these circumstances, I believe common knowledge and experience show that this accident would not have happened if Latham had not been negligent. Further, I think that reasonable persons could not disagree on this issue. Unlike the majority, I would hold that there was no error in the trial court's directing a verdict in favor of Laxson on the issue of negligence.
I would also note that the majority of our caselaw dealing with directed verdicts concerns a directed verdict being entered in favor of a defendant. This present case is a rare species; here, a directed verdict has been entered in favor of a plaintiff. However, the standard for reviewing this directed verdict is still the same. This is a most clear case where a directed verdict was correctly entered in favor of the plaintiff. Therefore, I would affirm the trial court's judgment based on the directed verdict in favor of Laxson. *Page 948