BUTTS, Justice.
Esther Gable was injured when she fell in the parking lot of a Captain D’s restaurant located in Albertville. She and her husband, Carl Gable, sued Shoney’s, Inc., doing business as Captain D’s, claiming that it had negligently or wantonly caused the fall. Mrs. Gable alleged that Shoney’s had had notice of a defect on its premises and that this known defect concealed a dangerous condition that proximately caused her to fall and suffer personal injuries. She sought damages for these personal injuries, and Carl Gable sought damages for loss of consortium. Shoney’s moved for a summary judgment, and the trial court granted the motion following a hearing. The Gables appeal.
A summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56(a), Ala.R.Civ.P. In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining whether the evidence before it made out a genuine issue of material fact and whether the mov-ant was entitled to a judgment as a matter of law. Rule 56(e), Ala.R.Civ.P.
The evidence indicates the following: On June 26, 1992, Esther Gable drove with her husband and a relative to Captain D’s to purchase take-out food. She parked her pickup truck in the restaurant’s parking lot, in front of the restaurant’s carry-out door. The wheels of the truck were close to a cement “bumper block” lying at the head of the parking space, and the edge of the bumper block protruded slightly beyond the left front wheel. The restaurant’s interior lights were on, as were the lights on top of the restaurant’s exterior, and Carl Gable could see his wife as she went into Captain D’s. She walked from the truck to the door, without having to step over the protruding cement bumper block. After purchasing three dinners, she walked out of the restaurant with two bags of food in her hand and headed for her truck. As she walked toward her *929 truck, she tripped over the bumper block at the head of her parking space and was in-Jured-
The Gables argue that there is a material question of fact as to whether Shoney’s breached the duty of care that it owed to Esther Gable, its invitee. In Cuevas v. W.E. Walker, Inc., 565 So.2d 176, 177 (Ala.1990), this Court stated:
“ ‘It is well settled that a storekeeper is under a duty to exercise reasonable care in providing and maintaining reasonably safe premises for the use of his customers.’ As a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger that was known to the invitee or should have been observed by the invitee in the exercise of reasonable care.”
(Citations omitted.)
The Gables argue that they presented substantial evidence to establish a question of fact as to whether the darkness of the night and the lack of a warning sign pointing out the bumper block combined to form a hidden danger that would not be observed by Esther Gable in the exercise of due care.
According to the depositions of the Gables and Captain D’s personnel, all of the interior and exterior lights of the restaurant were on when Mrs. Gable arrived on the premises and Carl Gable was able to clearly see his wife as she entered the restaurant. Mrs. Gable testified that she had parked in the same area on other occasions when she came to pick up take-out orders from Captain D’s, that she was aware of the bumper blocks in the parking lot, and that she had seen the same kind of bumper blocks at other restaurants. She further testified that she knew of the need to watch out for and to step over or walk around the bumper blocks.
The Gables simply presented no evidence to establish that the bumper block was a hidden defect that Esther Gable did not know of and would not discover in the exercise of ordinary care. Therefore, based on the facts of this ease, we must conclude that Shoney’s did not breach the limited duty it owed to Gable. The trial court properly entered the summary judgment for Shoney’s, and that judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON and INGRAM, JJ., concur.
ALMON, J., concurs in the result.