In this personal injury case Gaynell H. Young sued La Quinta Inns, Inc., and its manager, Ken Gay (collectively "La Quinta"), on theories of negligence, following her fall on the premises of a La Quinta Inn located in Montgomery. Young appeals from a summary judgment in favor of La Quinta, arguing that there was a genuine issue of material fact that, she says, rendered the summary judgment improper.
Our review of a summary judgment is de novo, and in determining whether a summary judgment was proper we must view the evidence in a light most favorable to the nonmoving party.Hightower Co. v. United States Fidelity Guar. Co.,527 So.2d 698 (Ala. 1988).
A summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The party moving for the summary judgment, here La Quinta, has the burden of establishing a prima facie showing that there is no genuine issue of material fact. Berner v. Caldwell, 543 So.2d 686
(Ala. 1989). If the moving party makes such a showing, then the burden shifts to the nonmoving party to rebut that showing by presenting substantial evidence creating a genuine issue of material fact. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
In the trial court, La Quinta argued that it was entitled to a judgment because the object that caused Young's fall, a concrete parking "bumper block," was not "hidden" *Page 404 
and should have been observed by Young. On appeal, La Quinta points to numerous factual matters favorable to it on this question. We, therefore, emphasize that in reviewing a summary judgment, we must view the evidence in a light most favorable to the nonmoving party, here, Young.[1]
The evidence, viewed most favorably to Young, indicates the following:
Young had parked in La Quinta's lot located on the east side of the Montgomery La Quinta Inn, in the front row's second space from the end nearest a back exit door. This space and adjacent parking spaces were separated from the La Quinta Inn by a curb and a sidewalk lying in front of the spaces. Also, the parking spaces had concrete "bumper blocks" at the front of them.
The first space, which Young parked next to, was narrower than the adjoining parking spaces, but the concrete bumper block at the head of it was approximately the same size as that used at the heads of the other parking spaces. As a result of the narrower width of the first parking space and the placement and size of its bumper block, that bumper block was not fully under the front of a vehicle parked in the first space and it was possible for that bumper block to protrude past the right front wheel of such a vehicle and into the area where a pedestrian might step off the sidewalk in front of the spaces and walk between the vehicle in the first space and a vehicle in the second space. The bumper block would protrude this way, as it did on the day of Young's fall, when a vehicle in the first space was parked nearer the curb, to its left, than to the second parking space, located to its right.
At the time of Young's fall, she was leaving the La Quinta Inn. She did not see the bumper block as she stepped off the sidewalk and into the parking area between a car parked in the first parking space and her car, parked in the second space. She was injured when she tripped over the protruding bumper block, which extended beyond the right front wheel of the car parked in the first parking spot.
The parties agree that at the time of her injuries, Young was a business invitee — one who had come onto "the premises for some purpose that materially or commercially [benefits] the owner or occupier of the premises." Boyd v. Sears, Roebuck Co., 642 So.2d 949, 950 (Ala. 1994). The duty owed by the owner or occupier of a premises is to protect an invitee from hidden defects that are unknown to the invitee and that would not be discovered by the exercise of ordinary care. Id. In this regard, the Court has indicated that even though a defect is open and obvious, an injured invitee is not barred from recovery where the invitee, acting reasonably, did not appreciate the danger of the defect. Furgerson v. DresserIndustries, Inc., 438 So.2d 732 (Ala. 1983). In Furgerson, the Court reversed a summary judgment for the defendant because there was an issue of material fact as to whether a reasonable person would have appreciated the danger of the "open and obvious" defect that the plaintiff invitee said caused her injury. See Owens v. National Sec. of Alabama, Inc.,454 So.2d 1387 (Ala. 1984) (discussing the import of Furgerson).
In Gable v. Shoney's, Inc., d/b/a Captain D's, 663 So.2d 928
(Ala. 1995), which also involved a fall over a parking lot bumper block, the Court upheld a summary judgment in favor of the defendant. The Court indicated that the evidence in that case pointed only to the fact that at the time of her fall the plaintiff, Gable, appreciated the danger posed by the open and obvious bumper block:
 "Mrs. Gable testified that she had parked in the same area on other occasions when she came to pick up take-out orders from Captain D's, that she was aware of the bumper blocks in the parking lot, and that she had seen the same kind of bumper blocks at other restaurants. She further testified that she knew of the need to *Page 405 
watch out for and to step over or walk around the bumper blocks."
663 So.2d at 928.
This case is different from Gable. There is no evidence that Young had previously been on La Quinta's premises and, accordingly, there is no suggestion that she had ever before parked in the area where she fell. Also, in Gable the Court indicated that on her way into the Captain D's restaurant, Gable had walked past the bumper block that she later fell over. Here, the record indicates that Young had not walked between her car and the car in the first parking space, past the area where the bumper block was located, until she was leaving the La Quinta Inn — the time of her injury.
The evidence, taken most favorably to Young, indicates that the bumper block was positioned differently from the other bumper blocks in the parking lot and that Young was unaware that it protruded into the area between her car and the car in the first parking space. Although the record certainly contains evidence that could lead to an opposite inference, it contains legally adequate evidence to support the inference that, at the time of her fall, Young, acting reasonably, did not appreciate the danger caused by the placement of the bumper block.
The evidence indicates a genuine issue of material fact; therefore, the summary judgment was not proper. Accordingly, we reverse that judgment and remand this cause for a determination by the trier of fact.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, COOK, and BUTTS, JJ., concur.
[1] Also, our review is limited to matters contained in the record. La Quinta relies extensively on an approximately 100-page deposition that is not a part of the record. Only 15 pages of excerpts, apparently from that deposition, are in the record, but these pages are not cited by La Quinta by any record citation consistent with the requirements of Ala.R.App.P. 28(e).