Gregory Chapman sued his employer, Boise Cascade Corporation, for workers' compensation benefits and for damages based on an alleged wrongful termination or retaliatory discharge. The trial court entered a summary judgment in favor of Boise Cascade on Chapman's claim of wrongful termination-retaliatory discharge and certified the judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Chapman appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala. 1994). The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party's favor. Id.
Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975. See Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). To defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders LifeAssurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
Chapman contends that the trial court erred in entering the summary judgment in *Page 731 
favor of Boise Cascade because, he says, jury questions exist as to whether Boise Cascade terminated him in violation of §25-5-11.1, Ala. Code 1975. That section provides:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of § 25-5-11."
An employee can establish a prima facie case of retaliatory discharge by proving that her employment was terminated because she sought to recover workers' compensation benefits. Twilley v.Daubert Coated Products, Inc., 536 So.2d 1364 (Ala. 1988); § 12-5-11.1, Ala. Code 1975. The burden then shifts to the employer, who must present evidence indicating that the employee was terminated for a legitimate reason, whereupon the employee must prove that the reason offered was a pretext for an otherwise impermissible termination. Twilley at 1369.
In Consolidated Stores, Inc., v. Gargis, 686 So.2d 268
(Ala.Civ.App. 1996), this court held that "an essential element of a retaliatory discharge claim is the plaintiff's willingness and ability to return to work." Chapman recognizes Gargis and the line of cases following it, but suggests to this court that those cases should not apply in his case because, he says, he was fired as a warning to others not to get hurt on the job.
The record shows that Chapman's last day of work at Boise Cascade was March 3, 1994, when he took a leave of absence because of back pain. In his deposition, Chapman said he had suffered a work-related injury but that he did not file for workers' compensation benefits because he was afraid he would lose his job if he did. Instead, he said, he opted to take accident and sickness benefits. While on leave, Chapman was diagnosed with a herniated lumbar disc and had surgery in October 1994.
Chapman testified that the surgery did not ease his back pain.Before his job at Boise Cascade was terminated in June 1995, Chapman said, his doctors had told him he had reached maximum medical improvement and that his condition would continue indefinitely. He said that at that point he knew he was not going to be able to go back to work at Boise Cascade. In his deposition, which was taken more than a year after his employment with Boise Cascade was terminated, Chapman testified that he was still physically unable to do any job at Boise Cascade. He also said that, given his physical limitations, he could not think of any work he could perform for eight hours a day.
In its judgment, the trial court found that Chapman had acknowledged that he was not willing and able to perform his job with Boise Cascade. There is no question that Chapman is not willing and able to return to work; therefore, he cannot sustain a claim of retaliatory discharge. Gargis, supra.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in result.