The plaintiff Gary Gordon appeals from a summary judgment entered in favor of the defendant J.B. Hunt Transport, Inc. (hereinafter "Hunt"). Our supreme court transferred the appeal to this court, pursuant to § 12-2-7
(6), Ala. Code 1975. We affirm.
On May 19, 1997, Gary Gordon filed a civil action in the Mobile County Circuit Court against Hunt. Gordon's three-count complaint accused Hunt of retaliatory discharge, in violation of § 25-5-11.1, Ala. Code 1975; fraudulent misrepresentation; and suppression of a material fact. Hunt moved for a change of venue, seeking a transfer to the Jefferson Circuit Court; the court granted Hunt's motion. The case proceeded in the Jefferson Circuit Court. After the parties conducted discovery, Hunt moved for a summary judgment. The trial court held a hearing on that motion, in which the court heard the argument of counsel, and the court subsequently granted Hunt's summary-judgment motion on all counts. Gordon then filed what he called a motion for a new trial, which the court treated as a Rule 59, Ala.R.Civ.P., motion to alter, amend, or vacate the judgment. The trial court denied Gordon's motion.
 "A motion for a summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDonald v. Servpro, 581 So.2d 859 (Ala.Civ.App. 1991). If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to *Page 944 
a judgment as a matter of law, the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala. 1989). In order to defeat a properly supported summary judgment motion, the nonmovant must create a genuine issue of material fact by presenting substantial evidence. McDonald. Substantial evidence is `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala. 1989)."
Hinkle v. Burgreen Contr. Co., 678 So.2d 797, 799 (Ala.Civ.App. 1996).
In determining whether substantial evidence exists to defeat a summary-judgment motion, an appellate court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Rule 56, Ala.R.Civ.P.;Wilma Corp. v. Fleming Foods of Alabama, 613 So.2d 359 (Ala. 1993); Goodwin v. City of Fultondale, 706 So.2d 766
(Ala.Civ.App. 1997). In Smith v. Dunlop Tire Corp.. 663 So.2d 914, 917
(Ala. 1995), the Alabama Supreme Court addressed a plaintiff's burden in responding to a summary-judgment motion once the employer has offered a legitimate reason for terminating the plaintiff's employment:
 "`"If the [employer] has supported a summary judgment motion with evidence of a legitimate reason for terminating the [employee], the [employee] must then refute that showing with his own prima facie case; of course, the [employee] has no burden to produce evidence before trial until the [employer] has made and properly supported a motion for summary judgment. If the [employer's] showing of a legitimate reason is conclusive enough to establish that `there is no genuine [issue] as to [that] material fact and that the moving party is entitled to a judgment as a matter of law,' Rule 56, Ala.R.Civ.P., the [employee] would also have to produce evidence to refute that showing."'"
(Quoting Graham v. Shoals Distributing, Inc., 630 So.2d 417, 418
(Ala. 1993) (quoting in turn Culbreth v. Woodham Plumbing Co.,599 So.2d 1120, 1122 (Ala. 1992))).
The evidence, viewed in the light most favorable to Gordon, suggests the following facts: Gordon began working for Hunt in September 1995. At that time, he received an employees' driver's manual that is given to all of Hunt's employees when they are hired. This manual includes a section explaining Hunt's medical-leave policy. This section states, in pertinent part:
"Medical Leave.
 "It is a company policy to grant a medical leave of absence for no more than 60 days. This leave of absence policy applies to all temporary disabilities including pregnancy, childbirth and related medical conditions. This policy is necessary because the company is involved in a highly competitive business, where many other individuals and companies rely on the quality and reliability of our transportation service. The provision of our excellent service is dependent upon our ability to rely on employees to be able to work. When an employee cannot work for an extended period of time, it places a burden on the company and fellow employees. . . .
 "Your employment will be terminated in accordance with our company policy effective the day your 60 day medical leave expires."
(Emphasis added.) Gordon indicated that he understood this policy, by signing a document to that effect.
Gordon also admitted in his deposition that he understood that his employment with Hunt would terminate if he did not return to work when his medical leave expired. The affidavit of Heather Wright, a Hunt employee, avers that this policy *Page 945 
has been applied consistently and indiscriminately since before 1985.
On November 18, 1995, while Gordon and a trainer were attempting to secure a load on a flatbed trailer, Gordon fell to the ground, a distance of about 14 feet. Gordon sustained a slight compression fracture of the L1 vertebral body in the fall. On November 21, 1995, Gordon filed a claim for workers' compensation benefits, and he did, in fact, receive the benefits to which he was entitled.
Gordon continued to receive medical treatment in Alabama and in West Virginia, his home state. In January 1996, while he was still on a leave of absence, Gordon received a letter from Joan Yockery, a representative of Hunt's benefits department. Yockery's letter informed Gordon that his 60-day medical leave would expire on January 17, 1996, and that his health benefits would terminate on that date. As we have already stated, Gordon knew that his employment with Hunt would terminate if he did not return to work before his medical leave expired. Gordon did not return to work, and Hunt terminated Gordon's employment.
Initially, Gordon argues that summary judgment on the retaliatory-discharge count was not appropriate, where Hunt had made no response to outstanding discovery requests and an appropriate request had been made pursuant to Rule 56(f), Ala.R.Civ.P. We disagree.
Rule 56(f), Ala.R.Civ.P., requires that a party support by affidavit his contention that he is unable to present facts in opposition to a summary-judgment motion and that a continuance is therefore necessary.See Committee Comments to Rule 56(f), Ala.R.Civ.P.; Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated, § 56, pp. 92-93 (3d ed. 1996). Such an affidavit should state with specificity why the opposing evidence is not presently available, as well as the future actions are anticipated to discover and present the opposing evidence. Gordon failed to file an affidavit as required by Rule 56(f); therefore, his argument is without merit.
Gordon next argues that the trial court erred to reversal in entering a summary judgment on his retaliatory-discharge and fraudulent-misrepresentation claims. He has abandoned his fraudulent-suppression claim.
In Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364
(Ala. 1988), and Watwood v. White Consolidated Industries, Inc.,699 So.2d 210 (Ala.Civ.App. 1997), Alabama appellate courts held that a plaintiff may prove a prima facie case of retaliatory discharge by showing that the employee was terminated because he filed a workers' compensation claim. Gordon asserts that on December 5, 1995, a Hunt employee gave him a form stating that he was entitled to 12 weeks' unpaid leave, as opposed to the 60 days' leave previously offered by Hunt. The fact that his employment was terminated before the 12-week period expired is evidence, Gordon says, that he was terminated because he filed a workers' compensation claim, not because of excessive unpaid medical leave.
Contrary to Gordon's assertions, the form to which Gordon refers pertains to leave sought under the Family and Medical Leave Act. An employee must have been employed with Hunt for at least one year and must have worked at least 1250 hours during the previous year to be entitled to the greater leave period under the Family and Medical Leave Act. Gordon did not satisfy either of these requirements, and he was therefore not entitled to the greater leave period provided under the Family and Medical Leave Act. Moreover, even assuming that Gordon was entitled to 12 weeks' unpaid medical leave, we note that he was not released to return to work until March 11, 1996, nearly 120 days after his medical leave had begun. Because Gordon's absence exceeded the unpaid leave time allowed under either the policy implementing the Family and Medical Leave Act (12 weeks) or Hunt's leave policy applicable to employees who have been *Page 946 
with the company for less than a year (60 days), Gordon's argument is without merit.
Gordon further asserts that a retaliatory discharge is evidenced by the fact that his personnel file contained medical records pertaining to him, even though Hunt had hired an outside adjusting company to handle Gordon's workers' compensation claims. Gordon argues that the only logical reason that these records were contained in his personnel file was to enable Hunt to evaluate the costliness of Gordon's continued employment given his on-the-job injury. However, we fail to see how the presence of Gordon's medical records in his personnel file would allow an inference that Gordon's employment was terminated because he filed a workers' compensation claim.
Finally, Gordon argues, the mere fact that Hunt indicated in a form included in Gordon's personnel file that it would not rehire him creates a genuine issue of material fact regarding his retaliatory-discharge claim and makes a summary judgment on this claim improper. Initially, we note that the record evidence does not support Gordon's claim that he was willing and able to return to the job he was trained to do or that he was qualified to do other work. Watwood, 699 So.2d at 213; Consolidated Stores, Inc.v. Gargis, 686 So.2d 268, 273-74 (Ala.Civ.App.), cert. denied,686 So.2d 278 (Ala. 1996). The summary of Gordon's neurologist, dated March 11, 1996, indicates that Gordon did not want to return to his former job because he was afraid of falling again. Hunt's discharge form shows that "[Gordon] wanted to return to work after a 60-day medical leave. [The driver] wanted to return to work for van division." This is not the position for which Gordon was trained, and no evidence indicated that Hunt had an open position in its van department. In any event, Gordon had not been released by his neurologist to return to work when Hunt's January 24, 1996, discharge form was prepared.
Accordingly, because Gordon failed to show that termination of his employment related to the fact of his workers' compensation claim, there is no genuine issue of material fact and the trial court properly entered a summary judgment in Hunt's favor on Gordon's retaliatory-discharge claim.
Gordon's argument regarding his fraudulent-representation claim is, at best, confusing. Gordon concedes that he was informed about Hunt's policy concerning medical leave at the time he was hired by Hunt in September 1995. Gordon further concedes that he received a letter in January 1996 from Hunt's benefits department that also informed him that he was entitled to a total of 60 days' medical leave. This letter also warned Gordon that his medical leave would terminate shortly. Gordon argues, however, that a leave form he was allegedly given on December 5, 1995, caused him to believe that he was entitled to twelve weeks' medical leave, rather than the 60 days previously mentioned. Gordon claims that the December 5, 1995, communication constituted a misrepresentation by Hunt.
 "The elements of a misrepresentation claim are 1) that the representation was false, 2) that it concerned a material fact, 3) that the plaintiff relied on the false representation, and 4) that actual injury resulted from the reliance. § 6-5-101, Ala. Code 1975; Boswell v. Liberty Nat'l Life Ins. Co., 643 So.2d 580, 581 (Ala. 1994)."
Alfa Mut. Fire Ins. Co. v. Thomas [Ms. 1970389, April 16, 1999]738 So.2d 815, 819 (Ala. 1999).
As we noted earlier in this opinion, Gordon admitted in deposition that he knew when he was hired that he was entitled to 60 days' medical leave. There has been no misrepresentation on which Gordon could rely. Moreover, Gordon was not released to return to work until March 11, 1996, making reliance by Gordon an impossibility. *Page 947 
For the foregoing reasons, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Justice Sam A. Beatty while serving on active-duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ., concur.
Monroe, J., concurs in result only.