MONROE, Judge.
Gail M. Traweek sued Ann Cook and Barry Cook d/b/a Barbara Ann’s Place (“the Cooks”), seeking damages for the injuries she sustained when she tripped and fell over a parking bumper located near the entrance to Barbara Ann’s Place. The Cooks answered, denying the allegations.
Thereafter, the Cooks moved for a summary judgment, contending that they were entitled to a summary judgment because they did not breach any duty owed to Traweek. Traweek filed a response in opposition to the Cooks’ summary judgment motion. The trial court entered a summary judgment in favor of the Cooks.
Traweek appeals. This case was deflected to this Court by the Alabama Supreme Court pursuant to § 12-2-7(6), Ala. Code 1975.
Traweek contends that the trial court erred in entering a summary judgment in favor of the Cooks because, she says, she submitted substantial evidence from which reasonable persons could differ. Stated another way, Traweek contends that she presented evidence which created a genuine issue of material fact as to whether the Cooks had breached their duty to provide and maintain reasonably safe premises for the use of the customers of Barbara Ann’s Place.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
We would note that the court must view the evidence in a light most favorable to the nonmoving party and that all reasonable doubts must be resolved against the moving party. McClendon v. Mountain *953 Top Indoor Flea Market Inc., 601 So.2d 957 (Ala.1992).
The evidence shows the following: At approximately 7:45 a.m. on April 16, 1996, Traweek stopped at Barbara Ann’s Place to use the restroom and purchase a cup of coffee and something to eat for breakfast. Traweek testified to the following: She “parked two cars away from the door and [she walked] around [the rear of] those two cars” to approach the entrance of Barbara Ann’s Place. As she walked, she “was peering through their [tinted] windows trying to see if they were open” and she “tripped over a concrete bumper in front of the door.”
In their summary judgment motion, the Cooks pointed out that Traweek admitted in her deposition that nothing obstructed her view of the parking bumper and that she would not have fallen if she had looked down and seen the parking bumper. They contend that in light of this evidence the parking bumper was not a hidden defect and that they were entitled to a summary judgment. See Gable v. Shoney’s Inc., 663 So.2d 928 (Ala.1995); Bennett v. Cole, 426 So.2d 829 (Ala.Civ.App.1981).
In her response in opposition to the summary judgment motion, Traweek pointed out that the Cooks had placed an unpainted concrete parking bumper, which blended with the concrete sidewalk, across the front entrance of Barbara Ann’s Place.
Traweek filed in opposition to the Cooks’ summary judgment motion the affidavit of Rudyard Robison, a registered architect whose practice primarily focuses on commercial architecture. Robison stated that “[t]he symmetrical placement of the two center columns [at Barbara Ann’s Place] creates an intended visual indicator for the entrance” and .that the parking bumper “appears to protect the entrance columns and not ... provide parking designation.” Robison also-stated that “it is unwise to place an obstruction in what is intended to be the route of entry and exit” and that “[t]his center parking bumper creates the same hazard as a hole.” Additionally, Ro-bison stated, “A reasonable owner would have taken precaution to remove the bumper or, in the alternative, to provide a safe route of entry.”
When viewing the evidence in a light most favorable to Traweek, we find that there was substantial evidence of a material fact, i.e., that a defect existed at the entrance of Barbara Ann’s Place because one does not expect to find an unpainted concrete parking bumper across the entrance to a business.
In light of the foregoing, we reverse the trial court’s entry of a summary judgment in favor of the Cooks and remand to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.