Timothy McCrary appeals from a summary judgment entered in favor of REF Alabama, Inc., on McCrary's claim of retaliatory discharge. We reverse and remand.
McCrary was employed by REF for over 10 years. He hurt his back at work on July 11, 1995. He underwent extensive medical treatment and was released by his doctor to return to work on January 24, 1996. McCrary claims that when he returned to work on January 24, REF fired him, even though, he says, he was physically able to do his job when he returned. *Page 422 
REF claims that McCrary was merely "laid off," but McCrary says the "layoff" involved only him and one other employee, both of whom, he says, had sought workers' compensation benefits. McCrary then filed for unemployment compensation benefits, and he received them for approximately six months.
McCrary sued REF, seeking workers' compensation benefits and seeking damages on a claim that he had been discharged in retaliation for having filed a workers' compensation claim.[1]
The parties settled the workers' compensation portion of McCrary's action in June 1996. McCrary's condition later worsened, requiring further back surgery. He applied for Social Security disability benefits in September 1996; those benefits were awarded in March 1998, retroactive to January 1, 1996, three weeks before the "layoff." REF moved for a summary judgment on the retaliatory-discharge claim, contending that because the Social Security Administration had determined that McCrary was disabled, he could not show that he was "willing and able to return to work" and thus should not be allowed to recover on his retaliatory-discharge claim. The trial court entered a summary judgment for REF in January 1999.[2] The sole issue on appeal is whether, in a retaliatory-discharge claim, the plaintiff's prima facie case requires a showing that he was willing and able to return to work.
In Bleier v. Wellington Sears Co., 757 So.2d 1163 (Ala. 2000), also released today, we traced the history of Alabama's retaliatory-discharge statute and the Court of Civil Appeals' conclusion that an employee must prove, as a part of a prima facie case in a retaliatory-discharge action, that he or she was willing and able to return to work. See Consolidated Stores, Inc. v. Gargis,686 So.2d 268 (Ala.Civ.App.), cert. denied, 686 So.2d 278
(Ala. 1996). In Bleier, we overruled Gargis and its progeny,[3]
holding as follows:
 "[T]he `willing-and-able' doctrine does not establish an element of an employee's prima facie case, but . . . the question whether an employee is willing and able to return to work is relevant to the defendant's opportunity to establish a defense to a claim alleging retaliatory discharge or to eliminate or reduce the damages recoverable for lost wages."
757 So.2d at 1171. In accordance with our holding today inBleier, we hold that McCrary is not required (as an element of his prima facie case) to prove that when he was discharged by REF he was willing and able to return to work. The question whether McCrary made a sufficient showing as to those elements that are part of his prima facie case was not raised below and is not before us.
McCrary obtained Social Security Disability Insurance ("SSDI") benefits as a result of a Social Security Administration ("SSA") determination of disability, a determination made retroactive to a point three weeks before the "layoff." REF argues that this fact estops him from pursuing his retaliatory-discharge claim. McCrary contends that a determination that he was entitled to unemployment benefits estops REF from challenging his *Page 423 
ability to work. However, the SSA determination and the determination of entitlement to unemployment benefits are not relevant to the sole issue before us, because of our holding that the question of disability is not relevant to McCrary's prima facie case. Although questions of an employee's willingness and ability can be relevant when the employer relies on a claim that the employee was unwilling or unable to work at the time of termination, REF contends that McCrary was laid off "due to a lack of work." Indeed, at the time of the layoff it is undisputed that REF could not have known that McCrary was disabled. That McCrary showed up and asked for work is also undisputed, so the claim of unwillingness is not relevant as a defense.
The employee's willingness and ability will be relevant in the event McCrary, on remand, claims damages for lost wages. McCrary argues that Wal-Mart Stores, Inc. v. Smitherman,743 So.2d 442 (Ala. 1999), bolsters his claim that a determination that he was entitled to unemployment benefits estops REF from challenging his ability to work. REF responds by arguing that the record is inadequate to support a ruling on that issue. McCrary also contends that Cleveland v. Policy Management Systems Corp.,526 U.S. 795 (1999), applying the Americans with Disabilities Act and requiring a plaintiff to explain any apparent inconsistency between positions in order to avoid an estoppel, should inform our judgment as to the effect of an SSA determination on his right to recover.
The trial court apparently based the summary judgment on a conclusion that the SSA determination had a preclusive effect. Although the same issues may arise if McCrary seeks damages for wages lost during a period for which he has sought and received SSDI benefits, we decline to anticipate that event at this stage of the proceedings, without the benefit of a full record dealing with these issues.
We reverse the summary judgment in favor of REF and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, BROWN, and JOHNSTONE,* JJ., concur.
*Although Justice Johnstone did not sit at oral argument of this case, he has listened to the tape of oral argument.
[1] Section 25-5-11.1, Ala. Code 1975, prohibits an employer from discharging an employee "solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits."
[2] In entering the summary judgment, the court did not specify the reasons for its decision.
[3] In addition to Gargis, we overruled Gordon v. J.B. HuntTransport, Inc., 744 So.2d 942 (Ala.Civ.App. 1999); Chapmanv. Boise Cascade Corp., 726 So.2d 729 (Ala.Civ.App. 1999);Hammock v. Ryder Dedicated Logistics, Inc., 716 So.2d 215
(Ala.Civ.App. 1998); Alexander v. Pace Indus., Inc., 710 So.2d 450
(Ala.Civ.App. 1997); Rice v. Bruno's, Inc., 705 So.2d 486
(Ala.Civ.App. 1997); Watwood v. White Consol. Indus., Inc., 699 So.2d 210
(Ala.Civ.App. 1997); and Lambert v. Beverly Enterprises, Inc.,695 So.2d 44 (Ala.Civ.App. 1997). See Bleier v. Wellington Sears Co., 757 So.2d at 1168.