JOHNSTONE, Justice.
Tracy S. Breitsprecher appeals a summary judgment entered in favor of Stevens Graphics, Inc., her employer, and against Breitsprecher on her claim of constructive retaliatory discharge. We reverse and remand the summary judgment on this cause of action.
On May 8, 1996, Breitsprecher sued Stevens Graphics for workers’ compensation benefits and for damages for constructive retaliatory discharge. In Count I of the complaint, Breitsprecher alleged that, on or about July 7, 1995, she suffered an on-the-job injury or occupational disease arising out of and in the course of her employment. She claimed that her “ears, nose, throat, and body” were injured while she was employed as a quality auditor for Stevens Graphics. In Count II of the complaint, Breitsprecher alleged that, on or about July 7, 1995, Stevens Graphics constructively discharged her from her job in retaliation for her filing her claim for workers’ compensation benefits, in violation of § 25-5-11.1, Ala.Code 1975. After filing an answer to the complaint, Stevens Graphics moved to sever Breitsprecher’s claim for workers’ compensation benefits from her claim for damages for constructive retaliatory discharge. The trial court granted the severance.
On February 25, 1998, after some discovery, Stevens Graphics moved for summary judgment on Breitspreeher’s constructive retaliatory discharge claim. In support of its motion, Stevens Graphics attached a letter from Dr. H.W. Loveless, Jr., the physician treating Breitsprecher; a resignation letter dated June 23, 1995, from Breitsprecher to her supervisor Jack Sollenberger; a portion of Breitsprecher’s deposition testimony; and a portion of Dr. Loveless’s deposition testimony. Most significant was her resignation letter which read:
“Dear Jack:
“Due to the persistent medical problems caused by the chemicals at Stevens Graphics, I am forced to submit my two weeks resignation effective today June 28, 1995. I will terminate my employment on July 7,1995.
“I enjoy my work, but I have no other alternative considering the environmental hazards at this job.”
Additionally, Stevens Graphics attached a legal memorandum arguing that Breit-sprecher’s constructive retaliatory discharge claim was invalid because Breit-sprecher was not “willing and able to work at Stevens Graphics when she resigned.”
Breitsprecher did not file an immediate response to Stevens Graphics’s summary judgment motion. On March 26, 1998, the trial court entered a summary judgment in favor of Stevens Graphics. Breitsprecher moved to reconsider the trial court’s entry of summary judgment. In support of her motion to reconsider and in opposition to Stevens Graphics’s motion for a summary judgment, Breitsprecher submitted eviden-tiary materials and a brief. In her brief, Breitsprecher contended that, after she asserted a claim for workers’ compensation benefits for her on-the-job injury, her supervisor harassed her by placing her on probation and requiring her to meet with him monthly to discuss her work absenteeism caused by her injury. Breitsprecher’s evidentiary materials included a portion of her deposition testimony; a portion of her supervisor Jack Sollenberger’s deposition testimony; a copy of the first report of her injury made to Stevens Graphics on May 5, 1994; a letter from Dr. Loveless .stating *1128 that Breitsprecher’s headaches and her problems with her sinuses and ears were caused by her work environment; and an affidavit from Breitsprecher stating that her chronic problems with her sinuses, ears, nausea, and headaches were caused by her work environment; that she was harassed by her supervisor after she claimed workers’ compensation benefits for her injury, and that she was “ready, willing, and able to do [her] former job.” Stevens Graphics did not make any objection before the trial court to Breitsprecher’s having waited until after the original entry of summary judgment to submit her materials in opposition.
Pursuant to Breitsprecher’s motion to reconsider, the trial court set aside its March 26, 1998, judgment in favor of Stevens Graphics. However, after considering the materials Breitsprecher submitted in opposition to Stevens Graphics’s motion for summary judgment, the trial court again entered a summary judgment in favor of Stevens Graphics.[1]
The following pertinent facts were before the trial court for its reconsideration of the motion for summary judgment. In 1992, when Breitsprecher’s office was relocated above the printing presses at Stevens Graphics, she began suffering from frequent sinus infections, allergic rhinitis, ear infections, and headaches. Breitsprecher told Stevens Graphics that her treating physician recommended that an air purifier be placed in her office, but Stevens Graphics did not give Breitsprecher an air purifier until sometime in 1995. On April 4, 1994, Dr. Loveless determined that Breitsprecher’s sinus and ear problems were related to her exposure to volatile solvents used in her work environment. Breitsprecher formally reported her problems to Stevens Graphics’s safety supervisor in a “First Report of Injury or Occupational Disease” form on May 5, 1994. She claimed that she was “experienc[ing] allergy attacks brought on by dust and fumes in the printing plant.” Stevens Graphics did not investigate Breitsprecher’s claim. Because of her frequent allergy and sinus problems, Breitsprecher missed a number of days from work. After Breitsprecher began missing work, her supervisor, Jack Sollenberger, singled her out and began meeting with her on a monthly basis to review her work attendance and work performance. Sollenberger had never conducted such monthly meetings with any other employee before meeting with Breit-sprecher on a monthly basis. Sollenber-ger had never observed any problems with Breitsprecher’s attendance before she began to experience frequent allergy and sinus problems. In fact, Sollenberger stated Breitsprecher’s work performance was “excellent.” On July 7, 1995, Breit-sprecher resigned from her job “[d]ue to the persistent medical problems caused by the chemicals at Stevens Graphics.” In her deposition testimony, Breitsprecher stated that she “had no choice but to resign” because she “suffered from chronic sinus, ear, nausea, and headache symptoms and had been singled out and harassed and could no longer tolerate working there.”
The record before us includes transcribed testimony given by Breitsprecher at the workers’ compensation trial months after the conclusion of the trial court’s proceedings on the motion for summary judgment relating to her constructive retaliatory discharge claim. Specifically, she testified in the later workers’ compensation trial that she resigned from her position with Stevens Graphics because she “had so much trouble with the chemicals *1129 there.” The trial court awarded Breit-sprecher workers’ compensation benefits in the sum of $2,377.75 and unpaid medical expenses in the sum of $608.50, following the bench trial. Stevens Graphics argues that this testimony, introduced to obtain these workers’ compensation benefits, es-tops Breitsprecher from maintaining that she resigned because of harassment. Stevens Graphics cites Luna v. Dominion Bank of Middle Tennessee, 631 So.2d 917 (Ala.1993), and Consolidated Stores, Inc. v. Gargis, 686 So.2d 268 (Ala.Civ.App.), cert. denied, 686 So.2d 278 (Ala.1996).
Because this later workers’ compensation trial testimony was not before the trial court for its consideration in the summary judgment proceedings however, it cannot be considered in our appellate review, even though it conflicts with Breitsprecher’s deposition testimony and her affidavit considered by the trial judge in the summary judgment proceedings. Moreover, because this inconsistent workers’ compensation trial testimony postdates the summary judgment proceedings on Breitsprecher’s constructive retaliatory discharge claim, this inconsistent testimony cannot be validly argued to have estopped Breitsprecher’s position in the summary judgment proceedings. See Luna, 631 So.2d at 918 (stating that the doctrine of judicial estop-pel “preclude[s] a party from assuming a position in a legal proceeding inconsistent with a position ‘previously asserted”). The inconsistent workers’ compensation trial testimony was not previous to the position taken by Breitsprecher in her deposition, her affidavit, or her argument for the summary judgment proceedings on her constructive retaliatory discharge claim.
On the other hand, upon a remand of this case for further proceedings on Breitsprecher’s constructive retaliatory discharge claim, and in the event of a renewal of the motion for summary judgment, this inconsistent workers’ compensation trial testimony would constitute good cause for filing such renewed motion for summary judgment and would constitute a position taken previously to such renewed summary judgment proceedings. An es-toppel argument by Stevens Graphics in such a new posture of the case would not be foreclosed by the decision we make today in the present posture of the case.
The issues before this Court with the case in its present posture are, first, whether Breitsprecher presented substantial evidence that Stevens Graphics constructively retaliatorily discharged her and, second, whether the willing-and-able-to-work doctrine forecloses her claim. Appellate review of a trial court’s ruling on a motion for summary judgment submitted on exhibits and written evidentiary materials is de novo, with no deference to the decision by the trial court. Young v. La Quinta Inns, Inc., 682 So.2d 402 (Ala. 1996). The appellate court will accept the tendencies of the evidence most favorable to the nonmoving party and will resolve all reasonable doubts in favor of the nonmov-ing party. System Dynamics Int’l, Inc. v. Boykin, 683 So.2d 419 (Ala.1996).
Breitsprecher presented substantial evidence to support her claim of constructive retaliatory discharge. To establish a claim of retaliatory discharge, an employee must present substantial evidence that he or she was terminated from his or her job for seeking workers’ compensation benefits. Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364 (Ala. 1988); and see § 25-5-11.1, Ala.Code 1975. An employee is “terminated” if he or she is either fired or “constructively discharged.” Id. To establish a claim of “constructive discharge,” an employee must present substantial evidence that his or her “employer deliberately [made] [the] employee’s working conditions so intolerable that the employee [was] forced into an involuntary resignation.” Irons v. Service Merchandise Co., 611 So.2d 294, 295 (Ala.1992) (citations omitted, and emphasis added.) Breitsprecher’s deposition testimony and her affidavit showed that Stevens Graphics neglected her complaints about her work *1130 ing environment. After Breitsprecher formally reported her work-related medical problems, Stevens Graphics placed her on probation and made her attend monthly meetings to review her work attendance and work performance even though her work performance was excellent and her absenteeism was primarily related to her sinus problems. Stevens Graphics did not require any of its other employees to attend monthly meetings to discuss their work attendance and performance. Breit-sprecher’s evidence established that she resigned because harassment by Stevens Graphics, coupled with her persistent medical problems, made her employment with Stevens Graphics intolerable. When all reasonable doubts are resolved in favor of Breitsprecher, the tendencies of the evidence most favorable to her in the summary judgment proceedings established that, but for the harassment, she would not have resigned, and the harassment forced her to resign involuntarily.
This Court recently explained the willing-and-able-to-work doctrine, which defines the significance of an employer’s claim that an ex-employee suing for retaliatory discharge is not willing and able to work. Bleier v. Wellington Sears Co., 757 So.2d 1163 (Ala.2000), overruling Consolidated Stores, Inc. v. Gargis, 686 So.2d 268 (Ala.Civ.App.), cert. denied, 686 So.2d 278 (Ala.1996), and its progeny. See also McCrary v. REF Alabama, Inc., 757 So.2d 421 (Ala.2000). Bleier held that the ex-employee’s being willing and able to return to work is not an essential element of the cause of action for retaliatory discharge. Thus the ex-employee need not prove willingness and ability to work as part of his or her prima facie case. Bleier held, rather, that the ex-employee’s being not willing and able to work may be asserted defensively by the employer either to establish the employer’s nonretaliatory reason for discharging the employee or to reduce or to eliminate the damages the employee can recover in the retaliatory discharge action. 757 So.2d at 1166.
In the case before us, the employer Stevens Graphics contends that the employee Breitsprecher resigned her job and that Stevens Graphics did not discharge her at all. Thus Stevens Graphics cannot consistently assert a defense that it discharged Breitsprecher for the nonretaliatory reason that she was not willing and able to work. Nor did the evidence against Breit-sprecher’s willingness and ability to work conclusively eliminate the essential element of damages from her retaliatory discharge claim. When all reasonable doubts are resolved in favor of Breitsprecher, the tendencies of the evidence most favorable to her established that her physical condition only in combination with the harassment by Stevens Graphics caused her resignation, that her physical condition by itself did not render her unwilling or unable to work, and that, but for the harassment, she would have and could have kept her job and done her work. Indeed, her affidavit expressly swears that she was willing and able to work.
Therefore, the trial court erred in entering a summary judgment in favor of Stevens Graphics, and the Court of Civil Appeals erred in affirming the judgment of the trial court. Accordingly, we reverse the judgment of the Court of Civil Appeals and remand this action for that court to remand it to the trial court. Upon remand to the trial court, Stevens Graphics is not precluded from asserting, either in a second motion for summary judgment or at trial, its defense of estoppel based upon Breitsprecher’s workers’ compensation testimony given after the previous proceedings on the motion for summary judgment made the basis of this appeal.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, LYONS, BROWN, and ENGLAND, JJ., concur.
MADDOX and SEE, JJ., dissent.

. The trial court did not issue a written order stating its reasons for entering summary judgment in favor of the defendant. The Court of Civil Appeals affirmed the judgment of the trial court without opinion on the authority of Consolidated Stores, Inc. v. Gargis, 686 So.2d 268 (Ala.Civ.App.), cert. denied, 686 So.2d 278 (Ala. 1996); Keystone Foods Corp. v. Meeks, 662 So.2d 235 (Ala. 1995); Grider v. McKenzie, 659 So.2d 612 (Ala.Civ.App. 1994); and Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313 (Ala.1992).